## BENJAMIN QUINBY *vs.* TIMOTHY HIGGINS.

The right by representation to inherit the estate of an intestate, dying without issue, father, or mother living, does not extend, by the provisions of the *Rev. St. ch.* 38, *sec.* 17, beyond brothers and sister's children.

Therefore the *children of a deceased child* of a deceased brother of the intestate are not entitled to a distributive share of the estate; there being a *child* of such deceased brother alive, when the intestate died.

THIS was an action of *assumpsit*, brought on a note or memorandum, signed by the defendant, in the following words:

"*Westbrook, June* 8, 1830.

" Received of *Benjamin Quinby*, administrator on the estate of *Miles Winslow*, fifty-one dollars, and twenty-five cents.

"*Timothy Higgins*,
" Guardian to *Winslow F. Higgins.*"

The case was submitted on the following agreed statement of facts.

*Miles Winslow* of *Westbrook*, died on the 12th day of *March*, 1824, intestate and without children, leaving three brothers, and the children of three deceased brothers. The defendant married one of the daughters of *Nathaniel Winslow*, one of said deceased brothers. This daughter, being the wife of defendant, died before said *Miles Winslow*, her uncle, leaving a son, who is the ward of the defendant; also leaving a sister, who is still living.

The plaintiff was duly appointed administrator on said *Miles Winslow's* estate, *February* 1, 1825, and the defendant was duly appointed guardian of said *Winslow F. Higgins*, his said son, *Feb.* 3, 1830.

The sum demanded in this writ was, at the request of defendant, advanced to him by the plaintiff, as a part of the supposed share of said ward in the estate of said *Miles Winslow*, before any order of distribution was made by the Judge of Probate. The whole share of *Nathaniel Winslow* aforesaid was decreed by the Judge of Probate to the surviving daughter of said *Nathaniel*, and was thereupon paid over by the plaintiff to said surviving daughter; and the defendant thereupon promised the plaintiff to re-pay to him said sum, if on taking legal advice, it should appear that said ward was not an heir of the estate of said *Miles Winslow*.

Now if in the opinion of the Court, said ward was an heir, and entitled to a part of the estate of said *Miles Winslow*, then the plaintiff is to become nonsuit, and the defendant to have his costs; but if in the opinion of the Court, said ward was not an heir, and not entitled to a part of the estate of said *Miles Winslow*, then the defendant is to be defaulted and judgment entered against him for said sum with interest and costs.

The case was submitted without argument, by *Anderson*, for the plaintiff, and by *Fessenden & Deblois*, for the defendant.

After a continuance, for advisement, the opinion of the Court was drawn up by

EMERY J. — By our statute, *c. 38, sec.* 17, respecting wills and testaments, and regulating the descent of intestate estates, it is enacted, that when any person shall die seised of any lands, tenements, or hereditaments, or any right thereto, or entitled to any interest therein, in fee simple or for the life of another, not having lawfully devised the same, the same shall descend in equal shares to his children and to the lawful issue of any deceased child by right of representation. When there shall be no issue, nor father, the same shall descend in equal shares to the intestate's mother, if any, and to his brothers and sisters, and the children of any deceased brother or sister by right of representation, the collateral kindred claiming through the nearest ancestor to be preferred to the collateral kindred claiming through a common ancestor more remote. And when the issue or next of kin to the intestate, who may be entitled to his estate by virtue of the said act, are all in the same degree of kindred to him, they shall share the same estate

Quinby *v.* Higgins.

equally, otherwise they shall take according to the right of representation. By the 19th section, as to personal estate not disposed of by last will, after allowance to the widow, paying funeral charges, debts, and charges of administration, the residue, if any, shall be distributed among the same persons in the same proportion to whom the real estate shall by law descend.

The question to be decided in this case, is whether the right of heirship by representation extends beyond brothers' and sisters' children. Had the mother of the defendant's ward survived her uncle, *Miles Winslow,* the benefit to the ward might have been different, not indeed as an heir to *Miles,* but to the ward's mother. But on her death occurring in the lifetime of *Miles Winslow,* living her sister, who survived said *Miles,* this sister became by right of representation, sole heir of the proportion, which was coming to her father, *Nathaniel.*

Our statute does not, as in *New Hampshire,* declare "no person is to be admitted as a legal representative of collaterals, beyond the degree of brothers' and sisters' children." In some other States of the Union, a similar provision is made. It would be superfluous here to make the limitation, because when the estate is directed to descend to a brother or sister, it is not to their legal representatives, but to their children by right of representation, using the word in its appropriate sense.

The rightful claimant of the estate, must be one who claims not only through the nearest ancestor, but also as the next of kin. If brothers and sisters be all dead, leaving children, they take as next of kin; but if some of those children of a brother should be dead, while others are living, such children cannot take, for they are not next of kin as long as any of the brother's children be living.

This provision, therefore, has the same effect, and produces the same result, as is produced by those statutes, which direct the estate to be distributed to the next of kin and their legal representatives, restraining representation to brothers' and sisters' children. *Reeves on Descents,* 115, 116. A case not unlike this occurs in *Comyn's R.* 87, *Pett* v. *Pett.* It was a motion for a *mandamus* to the spiritual court to make distribution according to the statute, 22 and 23, *Car.* 2. *c.* 10. The libel against the administrator set forth the case, that the intestate had two brothers who had issue and died;

the issue of one of the brothers had issue, a son and a daughter, and then the intestate dies; and his grand-nephew and grand-neice, the son and daughter of the issue of one of the brothers, wanted to have distribution with his neice, the issue of the other brother. But it was denied. 1 *Ld. Raym.* 571, *Rex* v. *Raines*, or *Pett* v. *Pett*; 1 *Peere Wms.* 25, *Pett's case.* This construction has been uniform for a very long period. The opinion of the Court is, therefore, that said ward was not an heir, and not entitled to a part of the estate of said *Miles Winslow.* And conformably to the agreement of the parties, the defendant must be defaulted, and judgment be entered against him for the sum sued for, interest, and costs.