JESSE C. SNOW, administrator, *vs.* NATHANIEL A. SNOW.

Under the Gen. Sts. *c.* 91, § 1, *cl.* 5, if an intestate leaves no issue or parents, and no
brother or sister, his nephews and nieces take his estate *per capita* and not *per stirpes.*

APPEAL by Nathaniel A. Snow from a decree of the Probate
Court ordering the distribution of the estate of Nathaniel Atwood.
Hearing before *Wells,* J., who affirmed the decree of the Probate
Court. Nathaniel A. Snow appealed, and the judge reported the
case for the consideration of the full court.

Nathaniel Atwood died intestate in 1871, and Jesse C. Snow
was appointed administrator of his estate. The intestate left no
issue, no parents, and no brother or sister. His next of kin were
the appellant, who was the son of his deceased sister, Abigail A.
Snow, and the four children of Frances A. Crosby, another de-
ceased sister.

The administrator rendered his final account, showing a bal-
ance for distribution, and the Probate Court ordered the balance
to be equally divided among the five nephews and nieces of the
intestate. The appellant, contended that he was entitled to half
the balance.

*G. A. King,* for the appellant.

*H. P. Harriman,* for the appellee.

MORTON, J. Our statute of distributions provides that when a
person dies intestate, leaving " no issue, and no father, mother,
brother, nor sister," his estate shall descend " to his next of kin
in equal degree; except that when there are two or more collat-
teral kindred in equal degree, but claiming through different an-
cestors, those who claim through the nearest ancestor shall be pre-
ferred to those claiming through an ancestor who is more remote."
Gen. Sts. *c.* 91, § 1, *cl.* 5.

We have no doubt that this provision was intended to apply
to the case of a person leaving as his next of kin nephews or
nieces, the children of different brothers or sisters, and that such
nephews or nieces take in equal shares. Such is the natural and
obvious construction of the statute. The policy of our law is that
when heirs are in equal degree of consanguinity to the intestate,

they inherit *per capita*, or in equal shares, but when they are in different degrees, those in the more remote degree inherit *per stirpes*, or such portion as their immediate ancestor would inherit if living. *Knapp* v. *Windsor*, 6 Cush. 156, 162. Chief Justice Shaw, in the case cited, says that " the rule of representation applies only from necessity, or where there are lineal heirs in different degrees, as children and the children of a deceased child, or brothers and sisters and the children of a deceased brother or sister."

The appellant argues that it is the intention of our statute that distribution shall be made under the fifth clause only when there is a failure of all persons previously named in the statute, including children of deceased brothers and sisters. We cannot adopt this construction. It seems to us against the natural meaning of the language, and against the general policy which pervades our system that the next of kin in equal degree shall inherit in equal shares.

We are therefore of opinion that the decree appealed from was correct. *Decree affirmed.*