## BROWN ET AL. *v.* TAYLOR, GUARDIAN.

ADVANCEMENTS.—*Descent to Grandchildren Only.—Partition.*—Where an intestate leaves grandchildren only surviving him, they inherit equally and directly from him, and are not chargeable with any advancements made to their respective parents.

SAME.—*Descent to both Children and Grandchildren.*—Where both children and grandchildren survive an intestate, the grandchildren are chargeable, in an action for partition, with any advancements made to their parents.

From the Jay Circuit Court.

*J. R. Perdieu* and *E. L. Watson*, for appellants.

*J. W. Headington* and *J. J. M. LaFollette*, for appellee.

WORDEN, J.—This was an action by the appellee, against the appellants, for the partition of certain lands. The facts were found by the court specially, on which the question of law arises.

The facts found are, that Jonathan C. Hiatt died intestate, in the year 1875, seized of the land in controversy.

Jonathan C. Hiatt had three children, viz., Cynthia A. Brown, William Hiatt and Sylvester Hiatt, all of whom died before the said Jonathan C. Hiatt.

Jonathan C. Hiatt left no children alive at the time of his death, but only the following grandchildren, to whom his estate descended, viz., Leander M. Brown, the son of Cynthia A. Brown, Emma Stratton and Edwin E. Hiatt, children of William Hiatt,. Alonzo C. Hiatt and William S. Hiatt, children of Sylvester Hiatt.

Jonathan C. Hiatt advanced to his daughter, Cynthia A. Brown, in her lifetime, real estate to the amount of seven hundred dollars. He also advanced to his son William, in his lifetime, real estate of the value of six hundred dollars. To his son Sylvester, he made no advancement.

The court below decided, that the advancements thus made were to be taken into account in the partition of the estate, and that Leander M. Brown was to be charged with the seven hundred dollars advanced to his mother, and that Emma Stratton and Edwin E. Hiatt were each to be charged with one-half of the six hundred dollars advanced to their father.

The appellants excepted to this conclusion of law, and claim that the estate descended equally to the five grand-children, unaffected by the advancements thus made.

Where the intestate leaves grandchildren only, they in-herit equally. See sections 1 and 2 of the act regulating de-scents, 1 R. S. 1876, p. 408.

In such case the grandchildren inherit directly from their grandfather or grandmother, and not through their father or mother. They are next of kin to their grand-father or grandmother, and inherit *per capita* and not *per stirpes.* Cox v. Cox, 44 Ind. 368.

The 12th section of the act regulating descents provides, that "Advancements in real or personal property, shall be charged against the child or descendants of the child to

whom the advancement is made, in the division or distribution of the estate, but if the advancement exceed the equal proportion of the child advanced, the excess shall not be refunded."

We think the section above quoted has no application to cases where the grandchildren inherit directly and equally from grandparents, and not through father or mother, who may have been advanced.

It doubtless applies to cases where there are children and grandchildren of the deceased; the father or mother, as the case may be, of the grandchildren, being dead. In such case the grandchildren take *per stirpes* and not *per capita.* They take the share that would come to their immediate ancestor if he were living, and would of course be affected by an advancement made to that ancestor through whom they inherit. In the one case the grandchild inherits directly from his grandparent. In the other he inherits, by representation, through his father or mother.

It is only where he inherits by representation through his father or mother, that he can be affected by an advancement to his father or mother.

In our opinion the five grandchildren of Jonathan C. Hiatt were entitled to an equal division of the property, without reference to any advancements that may have been made to the father or mother of any of those grandchildren.

The judgment below is reversed, with costs, with directions to the court below to render judgment in accordance with this opinion.