CATHARINE WAGNER, appellant,

*v.*

SHARP et al., respondents.

Where all of the next of kin are children of brothers and sisters, they take *per capita.*

Appeal from decree of orphans court of Morris county.

*Mr. J. G. Shipman* and *Mr. G. M. Shipman,* for appellant.

*Mr. H. C. Pitney,* for respondents.

THE ORDINARY.

The question presented is in reference to the distribution of the personal estate of an intestate who left neither widow nor descendants, nor father or mother, or brother or sister, but whose next of kin were thirty-six nephews and nieces, the children of his nine deceased brothers and sisters. The orphans court directed that the distribution be made to the nephews and nieces *per capita.* The appellant, who is the only child of a sister of the intestate, insists that the distribution should be *per stirpes,*

Wagner *v.* Sharp.

and not *per capita.* The statute provides that in case there be no children, nor any legal representative of them, then one moiety of the estate shall be allotted to the widow of the intestate, and the residue shall be distributed equally to every one of the next of kindred of the intestate who are in equal degree, and those who represent them ; provided that no representation shall be admitted among collaterals after brothers' and sisters' children. And that in case there be no widow, all the estate shall be distributed equally to and among the children ; and in case there be no child, then to the next of kindred in equal degree of or unto the intestate and their legal representatives as aforesaid, and in no other manner whatever. The English statute (*of 22 and 23 Car. II. c. 10*), of which the above is an almost literal copy, had, when the latter became part of our law, been so often and authoritatively construed on the very point raised by this appeal that the construction was then settled. *Walsh* v. *Walsh, 1 Eq. Cas. 249 ; Janson* v. *Bury, Bunb. 157 ; Durant* v. *Prestwood, 1 Atk. 454 ; Stanley* v. *Stanley, Id. 455 ; Lloyd* v. *Tench, 2*

NOTE.—In the following cases the heirs or next of kin in equal degree took *per capita :*

In *Miller's Appeal, 40 Pa. St. 387,* one died intestate, leaving as his heirs at law the children of his three deceased brothers, one brother leaving one child, another four children, and the third nine children; also, *Krout's Appeal, 60 Pa. St. 382, Thompson, C. J.; Davis* v. *Rowe, 6 Rand. 355.*

In *Stent* v. *McLeord, 2 McCord Ch. 354,* an intestate left a nephew, the son of a deceased brother, and four nephews and nieces, the children of a deceased sister, his next of kin.

In *Snow* v. *Snow, 111 Mass. 389,* the next of kin of an intestate were the son of a deceased sister and the four children of another deceased sister.

In *De Haven's Case, 1 Clark (Pa.) 336,* two brothers of an intestate died in her lifetime, one leaving one child and the other seven children.

In *Clifton* v. *Holton, 27 Ga. 321,* a testator gave certain property to H., but if H. should die before attaining twenty-one, then over to H.'s "blood relations of nearest kin, to be divided equally among them." H. died under twenty-one. When the will was made he had one sister, M., living, four children of a deceased sister, and seven of another deceased sister. M. died after the testator, but before H., leaving six children; see *Ennis* v. *Peutz, 3 Bradf. 387 ; Mortimer* v. *Slater, L. R. (7 Ch. Div.) 322.*

In *Skinner* v. *Wynne, 2 Jones Eq. 41,* two daughters of an intestate died in the lifetime of their father, one leaving two children and the other one. See *Eshleman's Estate, 74 Pa. St. 42.*

*Ves. Sen. 213.* It was established that where an intestate leaves brothers' or sisters' children, and no brother or sister, the children take *per capita* as next of kin, and not by representation. It is unnecessary, as it would be unprofitable, to do more than merely cite the cases. That construction has remained ever since undisturbed. *2 Wms. Exrs. 1513; 2 Kent's Com. 425; Ross's Trust, L. R. (13 Eq.) 286.* But it is urged that by the decision of the court of errors and appeals, in *Davis* v. *Vanderveer, 8 C. E. Gr. 558,* it is held that the right of representation exists among brothers' and sisters' children *inter sese,* where there is no unequal kinship—no brother or sister of the intestate living at his death. The language of the court, speaking of the proviso of the act, is:

"It has been well settled by the courts in England for over a century and a half, and always acted upon, so far as anything to the contrary appears, since the passage of the act, that the effect of this proviso is to limit or qualify the right of representation among collaterals, so that they can take only as next of kin *per capita,* except in the one case of the children of deceased brothers

In *Person's Appeal, 74 Pa. St. 121,* a decedent had three children, all of whom died in his lifetime, the first leaving one child, the second one, and the third three.

In *Brown* v. *Taylor, 62 Ind. 295,* an intestate left no children, but the descendants of three children, viz., a son of his oldest son, a daughter and son of his second son, and two sons of his third son. See *Cox* v. *Cox, 44 Ind. 368; Bransford* v. *Crawford, 51 Ga. 20.*

In *McKinney* v. *Mellon, 3 Houst. 277,* the intestate's next of kin were the children of two deceased sisters of his father of the whole blood, and the children of four deceased sisters of his father of the half blood. See *Edwards* v. *Bucksdale, 2 Hill Ch. 416; Hallet* v. *Hare, 5 Paige 315; Redd* v. *Clopton, 17 Ga. 230.*

In the following cases they took *per stirpes:*

In *Jackson* v. *Thurman, 6 Johns. 322,* A died seized of lands, leaving B and C, children of a deceased sister, and D, the son of a deceased brother, his heirs at law.

In *Clement* v. *Cauble, 2 Jones Eq. 82,* an intestate died leaving her surviving one child of a deceased brother, A., two children of another brother, H., and twenty-one grandchildren of H., the children of four of his deceased children, as heirs at law.

In *McComas* v. *Amos, 29 Md. 120,* an intestate left as his next of kin several nephews and nieces, and also several grand-nephews and grand-nieces; the latter were excluded, and the former took *per stirpes.*

Wagner v. Sharp.

and sisters of the intestate, among whom alone, of the collaterals, the right to take *per stirpes* by way of representation may exist."

The case before the court was one of unequal kinship, and it was held that first cousins take the personal estate of the intestate, to the exclusion of children and grandchildren of other first cousins deceased. The question now raised was not before the court. But the language of the court is not indicative of any dissent from what was, up to that time, the established and accepted doctrine. The meaning obviously is, and that is all that the court intended to say, that the right of representation among collaterals is limited to brothers' and sisters' children, and does not apply at all to any case of collaterals where the next of kin are all more remote than brothers and sisters. The decree appealed from will be affirmed with costs, and a counsel fee of $50 to the respondents, to be paid out of the estate before distribution.

In *Kennedy* v. *Kennedy* (*Conn.*) *1 Swift's System 286*, a testator devised a portion of his estate among his *relations*, according to the laws of the state of Connecticut. He had five brothers and sisters, who all died previously to the making of the will, each leaving a different number of children. See *Pruden* v. *Paxton, 79 N. C. 446.*

In *Crump* v. *Faucett, 70 N. C. 345*, A died seized of real and personal estate, leaving him surviving three grandchildren by a son and five by a daughter, both son and daughter having died before A.

In *Odam* v. *Caruthers, 6 Ga. 39*, decedent left a *wife* and two grandchildren, the offspring of a deceased son, and seven grandchildren, the offspring of another deceased son. See *Brenneman's Appeal, 40 Pa. St. 115.*

As to constructions of testamentary gifts to nephews and nieces, see *2 Jarm. on Wills (5th Am. ed.) 697;* also, *Harris's Estate, 74 Pa. St. 452; Curry's Estate, 39 Cal. 529; Thornton v. Roberts, 3 Stew. Eq. 473; Dildine v. Dildine, 5 Stew. Eq. 78; Brower v. Bowers, 1 Abb. App. Dec. 214; Grant v. Grant, L. R. (2 P. D.) 8, 5 C. P. 380, 727; Hibbert v. Hibbert, L. R. (15 Eq.) 372; Weeds v. Bristow, L. R. (2 Eq.) 333; Sherratt v. Mountford, L. R. (15 Eq.) 305, (8 Ch.) 928; Wells v. Wells, L. R. (18 Eq.) 504; Payne v. Rosser, 53 Ga. 662; Cosgray v. Core, 2 W. Va. 353.*—REP.