NICHOLS & a., *Ap'ts,* v. SHEPARD, *Adm'r.*

Under the statute of distributions, there being none nearer of kin living, the children of deceased brothers and sisters take equal shares *per capita.*

PETITION for leave to appeal from a decree of distribution by the judge of probate.  Facts found by the court.  Blanchard Nichols died intestate, leaving as next of kin and heirs at law thirty-one nephews and nieces, children of seven deceased brothers and sisters, there being eight children of one brother, five of another, four each of three sisters and another brother, and two of another brother.  The eight children are the plaintiffs, and reside in Massachusetts.  The defendant is the administrator of the intestate's estate, and resides in Amherst.

By the decree from which this appeal is sought, the probate court ordered the personal estate in the hands of the administrator to be distributed and paid, one seventh to the children of each

deceased brother and sister of the intestate *per stirpes*. The petitioners were prevented from taking an appeal through accident, mistake, and misfortune, and not by their own neglect.

*M. T. Allen* (of Massachusetts) and *Wiggin & Fuller*, for the appellants.

*C. H. Burns*, for the defendant.

SMITH, J. The personal estate of a person dying intestate is distributed,—

I. To the widow the share by law prescribed: the residue to the children of the deceased and the legal representatives of such of them as are dead.

II. If there be no issue, to the father if he is living.

III. If there be no issue or father, in equal shares to the mother, and to the brothers and sisters or their representatives.

IV. To the next of kin in equal shares. G. L., *c.* 203, *ss.* 1, 6. In this case the intestate left no widow, father, mother, brother, sister, uncle, or aunt. His heirs at law and the next of kin are thirty-one nephews and nieces, children of different deceased brothers and sisters. The words "next of kin" in the statute are words of purchase, denoting the persons who are to take the estate, and not words of limitation. The heirs therefore do not take by representation. Being all next of kin they take as such, and in equal shares *per capita*. *Snow* v. *Snow*, 111 Mass. 389. In *Hill* v. *Nye*, 17 Hun 457, it was held that the maternal grandmother and paternal grandparents, being the next of kin, took the estate of the intestate *per capita*. *Knapp* v. *Windsor*, 6 Cush. 156, is a similar case. The next of kin were the paternal grandmother and the maternal grandparents of the intestate. It was held that each was entitled to a distributive share (one third) in the estate. *Shaw*, C. J., said,—"It is a plain rule of law, that those who take property as a class of persons described, where there is nothing to distinguish their respective rights, take in equal shares  \*  \*  \*. The rule of representation applies only from necessity, or where there are lineal heirs in different degrees, as children and the children of a deceased child, or brothers and sisters and the children of a deceased brother or sister." In *Jackson* v. *Thurman*, 6 Johns. 322, the question was, whether B and C, children of the intestate's deceased sister, and D, son of the intestate's deceased brother, took *per stirpes* or *per capita*. It was decided that they took *per stirpes*, because the statute made them inherit such share as their parents respectively would have inherited, if living: but the court said this was carrying the doctrine of inheritance *per stirpes* further than it was carried in the case of lineal descent, and further than it was carried in the novel of Justinian (118), from which the New York statute was copied.

The rule is nowhere better stated than by Chancellor Kent

(2 Kent Com. 425): "It is the doctrine under the statute of distributions, that the claimants take *per stirpes* only when they stand in unequal degrees, or claim by representation, and then the doctrine of representation is necessary. But when all stand in equal degree, as three brothers, three grand-children, three nephews, etc., they take *per capita*, or each an equal share: because in this case, representation, or taking *per stirpes*, is not necessary to prevent the exclusion of those in a remoter degree: and it would be contrary to the spirit and policy of the statute, which aimed at a just and equal distribution." See, also, *Page* v. *Parker*, 61 N. H. 65, and authorities cited; 2 Wms. Ex'rs (6th ed.) 1513; 3 Redf. Wills 425.

It having been found that the plaintiffs were prevented from appealing within sixty days through accident, mistake, and misfortune, the petition for leave to appeal is allowed. The decree of the probate court is reversed, and a decree of distribution ordered, that the sum to be distributed be divided into thirty-one equal shares, and one share be paid to each of the eight plaintiffs.

*Decree accordingly.*

ALLEN, J., did not sit: the others concurred.