<hr />

MADISON COUNTY.—HON. A. D. KENNEDY, SURROGATE.—March, 1888.

MATTER OF SOUTHWORTH.

*In the matter of the estate of* JOEL SOUTHWORTH, *deceased.*

Decedent died intestate, leaving, him surviving, no descendants, parent, widow, brother or sister; but nieces and nephews, of the half blood and of the whole blood.—

*Held*, that the former were next of kin "in equal degree to the deceased" with the latter; and that they all took equal shares of the personal estate, under 2 R. S., 96, § 75, subd. 9, 11, 12.

HEARING of objections to account of administrator of decedent's estate. The facts are stated in the opinion.

THE PARTIES IN INTEREST *appeared, in person, and submitted their case to the court.*

THE SURROGATE.—The decedent died intestate, leaving him surviving no widow; no child, or other descendant; and no father, mother, brother or sister; but leaving the children of two brothers and two sisters of the whole blood, and the children of one brother of the half blood.

On behalf of certain nephews and nieces of the whole blood, it is contended that the nephews and nieces of the half blood are not entitled to share in the distribution of decedent's personal estate. We are clearly of the opinion that this position cannot be sustained.

Probably the view entertained by the relatives of the whole blood arises from and is based upon the language of subd. 11 of the Statute of Distributions (2 *R. S.*, 96, § 75): "No representation shall be admitted among collaterals after brothers' and sisters' children."

But there is no question of representation in this case, for the next of kin are all related to the decedent in equal degree, and by the provisions of subd. 9 of the Statute of Distributions, they take share and share alike, and not by representation, the parent's share.

But if it is claimed that technically the children of deceased brothers and sisters take by representation in cases where there are no nearer relatives, then subd. 12 of the statute clearly places those of the half blood upon an equal footing with those of the whole blood, and indeed this section would seem to place this whole

question beyond dispute : "Relatives of the half blood shall take equally with those of the whole blood and the representatives of such relatives shall take in the same manner as those of the whole blood."

This position is also abundantly sustained by authority. Nowhere in any of the elementary works does it seem to be questioned, and the decisions of the courts although not numerous are all in accord and in the same direction. "Brothers and sisters of the half blood are entitled to an equal share of the intestate's estate with those of the whole bloo'd" (Wms. on Ex'rs, 6th Am. ed., 1621).

See, also, Schouler on Ex'rs and Adm'rs, § 501; 3 Redf. on Wills (2d ed., 423); Hallett v. Hare (5 *Paige*, 315); Matter of Suckley (11 *Hun*, 344).

In Hallett v. Hare (*supra*), the decedent died intestate, having only collateral relatives, the nearest being an aunt of the half blood on the father's side and an aunt of the whole blood on the mother's side.

Chancellor WALWORTH, in delivering the opinion of the court, says. "No representation being allowed among collaterals after brothers' and sisters' children, the two aunts who were the nearest relatives and in the same degree of kindred to the intestate were entitled to share equally in her personal property." The Chancellor further says that the rule of law has not been changed by the Revised Statutes, but "it has been considered as settled ever since the decision of the House of Lords, in Watts v. Crooke (*Show. Cas. in Parl.*, 108), that in successions of personal estates, relatives of the half blood in equal degrees of cognation to the intestate take equally with the whole blood, and

that they also take by representation, when representation would be allowed among relatives of the whole blood in the same degree."

In the Matter of Suckley (*supra*), the decedent died intestate, leaving him surviving a brother and sister and four *grandchildren* of a deceased *half brother*. The court, of course, held that the grandchildren were not entitled to share in the distribution, but in the course of the opinion they say: "In this case, the claimants instead of being a brother's children, are grandchildren of a *half* brother. There is no difficulty however about this last point, for our statute provides that relatives of the half blood shall take equally with those of the whole blood in the same degree; but the objection raised to the distribution of any portion of this fund to these grandchildren is, that they are one degree beyond the statute."

From the above authorities, as well as from the plain and unambiguous language of the statute itself, the conclusion is irresistible that the decree in this matter must direct distribution of the estate among the nephews and nieces of the half blood and those of the whole blood, *share and share alike.*