HENRY L. CLARY, APPELLANT, v. MCLANE WATKINS, SR., ET AL., APPELLEES.

FILED APRIL 2, 1902. No. 11,529.

Commissioner's opinion, Department No. 1.

1. **Descent:** UNCLE: AUNT: COUSIN: SECOND COUSIN. G. died intestate, leaving surviving her neither issue nor husband, father, mother, brother, sister, nephew, niece, grandfather, grandmother or grandchildren; her nearest relatives being two uncles and an aunt, cousins and second cousins. *Held* that, under our statute of descent, the two uncles and the aunt took the entire estate, to the exclusion of cousins and second cousins.

——: INHERITANCE PER STIRPES. It is the object of our statute to cut off inheritance *per stirpes* among collaterals where at any point beyond the children of brothers and sisters the surviving kindred are of unequal degrees. In such case those nearest in degree take the estate, to the exclusion of those more remote. *Douglas v. Cameron*, 47 Nebr., 358, followed.

APPEAL from the district court for Nemaha county. Heard below before STULL, J. *Affirmed.*

*A. L. Knabe,* for appellant.

*William H. Kelligar* and *Edgar Ferneau, contra.*

DAY, C.

The facts necessary to an understanding of the question presented by this appeal are substantially as follows: On August 21, 1898, Mary E. Gooseman, a resident of Nemaha county, Nebraska, died intestate, seized in fee of a large amount of real estate situated in said county, a specific description of which seems unnecessary to be set out. She left surviving her neither issue nor husband, father, mother, brother, sister, niece, nephew, grandfather, grandmother or grandchildren; her nearest relatives being uncles, an aunt, cousins and second cousins. There were surviving her two uncles, who were brothers of her mother, to wit, Thomas Watkins and McLane Watkins, Sr., and an aunt, Naoma Whittle, who was a sister of her father, and numerous cousins and second cousins who were the lineal descendants of deceased uncles and aunts of the intestate. One of the cousins, Henry L. Clary, brought this action for partition in the district court of Nemaha county. The uncle, McLane Watkins, Sr., and the children of Thomas Watkins, the latter having died since the death of his sister, Mary E. Gooseman, and the aunt, Naoma Whittle, each filed answers denying any rights of the plaintiff in and to the lands, or any part thereof, and each also filed cross-petitions averring that the estate went to the two uncles and aunt, to the exclusion of the cousins and second cousins. Upon a hearing the court decreed the lands to the uncle, McLane Watkins, Sr., and to the children of Thomas Watkins, the deceased uncle, and to Naoma Whittle, to the exclusion of cousins and second cousins. To review this judgment the plaintiff has brought this case to this court by appeal.

The appellant claims that the rule of descent should be governed by subdivision 3, section 30, of chapter 23 of the Compiled Statutes, which is as follows: "Third. If he

shall have no issue, nor widow, nor father, his estate shall descend in equal shares to his brothers and sisters, and to the children of any deceased brother or sister, by right of representation; *Provided*, That if he shall have a mother also, she shall take an equal share with his brothers and sisters." The appellees claim that the case falls within the provision of subdivision 5 of said section, which is as follows: "Fifth. If the intestate shall leave no issue, nor widow, and no father, mother, brother, nor sister, his estate shall descend to his next of kin, in equal degree, excepting that when there are two or more collateral kindred in equal degree but claiming through different ancestors, those who claim through the nearest ancestor shall be preferred to those claiming through an ancestor more remote."

The precise question here presented has been determined by this court in the case of *Douglas v. Cameron*, 47 Nebr., 358, where the rules of descent under the provisions of section 30, chapter 23, of the Compiled Statutes are considered and construed. In that case the intestate left surviving him neither issue nor father, mother, brother or sister. There were surviving him four children of a deceased brother, eight children of a deceased sister, and three children of a deceased daughter of such sister. The court held that the case fell within the fifth subdivision of section 30, chapter 23, and not within the third subdivision; that the twelve surviving nephews and nieces took the land to the exclusion of the grandnephews and grandnieces. In the syllabus it is said: "It is the object of our statute to cut off inheritance *per stirpes* among collaterals where at any point beyond the children of brothers and sisters the surviving kindred are of unequal degrees. In such case those nearest in degree take the estate to the exclusion of those more remote."

The judgment of the lower court is in strict conformity to the rule announced in *Douglas v. Cameron, supra*. We are satisfied with the construction of our statute as announced in that case.

We therefore recommend that the judgment of the district court be affirmed.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.