---

(83 Misc. Rep. 655)

### In re OATLEY'S ESTATE.

(Surrogate's Court, Oneida County. January, 1914.)

1. DESCENT AND DISTRIBUTION (§ 34*)—DESCENDANTS.
   Under Decedent Estate Law (Consol. Laws, c. 13) § 98, subd. 12, providing that no representation shall be admitted among collaterals after brothers' and sisters' descendants, the descendants do not include children of deceased first cousins, as the brothers and sisters referred to are those of the intestate.
   [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 97–101; Dec. Dig. § 34.*]

2. DESCENT AND DISTRIBUTION (§ 40*)—NEXT OF KIN.
   Under Decedent Estate Law (Consol. Laws, c. 13) § 98, subd. 5, providing that if there be no widow and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin in equal degree to the deceased, and subdivision 10, providing that where the descendants or next of kin of the deceased entitled to share in his estate are all in equal degree to the deceased, their share shall be equal, where the next of kin of a decedent were his first cousins, and there were also his second cousins, the first cousins were entitled in equal amounts to the exclusion of the second cousins.
   [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 114, 115, 118–120; Dec. Dig. § 40.*]

Proceeding on the judicial settlement of the accounts of George W. Oatley, administrator of the estate of George Washington Oatley, deceased.

Dunmore & Ferris, of Utica, for administrator.
Burns & Burns, of Rochester, for objectors Baker and Wilbur.
Josiah Perry, for objectors Logan and Oatley.
Charles G. Irish, for objector Robertson.

SEXTON, S. On September 22, 1913, George W. Oatley, as administrator of the estate of George Washington Oatley, deceased, filed his petition and account, and duly cited all interested parties to appear. The administrator, under schedule F of his account, gave the names

of those to whom he proposed to distribute the estate, which list of names included first and alleged second cousins of deceased. Hiram Baker, Katharine B. Wilbur, and Charles P. Baker, first cousins of deceased, duly objected in writing to any of the estate being distributed to second cousins; they claiming that first cousins only were entitled to share in the distribution. Henrietta E. Logan, and Harietta S. Oatley, alleged second cousins of the deceased, objected in writing to any distribution of the surplus which would exclude them. Objections were also filed by Elma E. Robertson, alleged second cousin of deceased, in which she asked—

"that the entire personal estate be distributed to first cousins and to second cousins who are the children and descendants of deceased first cousins, of whom the objector is one."

The relation of all the parties cited claiming to be first and second cousins was conceded; hence only a question of law is presented.

Said Elma E. Robertson claims to be a second cousin because she is the descendant of a deceased first cousin of the intestate. If all of the persons classified in the accounting as second cousins are in fact descendants of first cousins, then there are no second cousins of the intestate involved in this accounting, for the reason that a child of a deceased first cousin of the intestate is not his or her second cousin, though the error of so designating the children of first cousins is very common. A first cousin of the intestate must descend from his or her grandparent; a second cousin of the intestate must descend from his or her great grandparent.

[1] Subdivision 12 of section 98 of the Decedent Estate Law reads as follows:

"No representation shall be admitted among collaterals after brothers and sisters descendants."

It is urged by the contestants that the word "descendants" is broad enough in its meaning to permit them to share in the distribution. Those urging their claims under this subdivision I fear have misconceived its meaning and scope. There being no descendants of brothers or sisters involved in this accounting, subdivision 12 has no application here. It has long been settled that the brothers and sisters referred to in this subdivision are those of the intestate. Adee v. Campbell, 79 N. Y. 52.

[2] Subdivision 5 of section 98 of the Decedent Estate Law is in part as follows:

"If there be no widow, and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives."

In the case at bar, deceased left no widow, descendant, brother or sister, or descendants of a brother or sister, and no uncle or aunt, his next of kin being 11 first cousins. Said subdivision 5 directs distribution "to the next of kin in equal degree to the deceased." If the 24 persons cited on this accounting as second cousins are in fact second cousins, they are not entitled to any portion of this estate, for the reason that first and second cousins are not "next of kin in equal degree

to the deceased"; second cousins being one degree further removed from the deceased than first cousins.

Subdivision 5 as it now stands was construed by the Court of Appeals in Matter of Davenport, 172 N. Y. 454, 65 N. E. 275, and under that decision "legal representatives" of deceased first cousins are not involved in this decision. In that case the court said:

> "The surviving nephew and niece, the two uncles, and the two aunts are all of the same degree of kinship, to wit, the third, ·and under these circumstances it is unnecessary to invoke the rule of representation."

Subdivision 10 of section 98 of the Decedent Estate Law provides:

> "Where the descendants, or next of kin of deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal."

It therefore follows that the first cousins and alleged second cousins, being of unequal degree of kinship to the deceased, cannot both share in decedent's estate; and subdivision 5 says:

> "The whole surplus shall be distributed to the next of kin."

I hold and decide that the first cousins take the whole surplus of the estate in equal amounts. All objections to a distribution of the surplus as above indicated are overruled.

Decreed accordingly.