Noteware v. Colton.

PHILIP J. NOTEWARE, APPELLANT, V. JOHN B. COLTON ET AL., APPELLEES.

FILED MARCH 13, 1914.  No. 17,588.

Descent and Distribution: STATUTE: CONSTRUCTION: "CHILDREN." The word "children" does not include grandchildren, where it appears in the following language of the statute of descent: "If the deceased shall leave no issue, nor father nor mother, the estate shall descend in equal shares to his brothers and sisters, and to the children of any deceased brother or sister, by the right of representation." Comp. St. 1911, ch. 23, sec. 2.

APPEAL from the district court for Butler county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*McGilton, Gaines & Smith, J. J. Tunnicliff* and *G. Tunnicliff,* for appellant.

*L. S. Hastings, E. A. Coufal* and *Williams, Lawrence, Welch & Green, contra.*

ROSE, J.

This is a suit to partition 480 acres of land of which Sarah M. Colton died seized, leaving no will. Plaintiff pleads that the estate descended to intestate's sole heirs at law as follows:   To plaintiff, who is the grandson of a deceased sister of intestate, an undivided one-sixth interest; to each of John B. Colton and Francis Colton, defendants, who are the brothers of intestate, an undivided one-third interest; to Maud Hamilton, defendant, the daughter of a deceased sister of intestate, an undivided one-sixth interest.   From a dismissal of the action plaintiff has appealed.

The appeal presents the single question: Is plaintiff, as an heir of intestate, entitled to a one-sixth interest in the land?    The controlling statutory provision follows: "If the deceased shall leave no issue, nor father nor mother, the estate shall descend in equal shares to his brothers and sisters, and to the children of any deceased brother or sister, by the right of representation." Comp. St. 1911, ch. 23, sec. 2.

Intestate survived plaintiff's parent, to whom a share of the estate would have descended, if living. The statutory descent extends to "brothers and sisters, and to the children of any deceased brother or sister, by the right of representation." Within the meaning of such a provision the word "children" does not include grandchildren of a deceased brother or sister. *In re Estate of Chapoton*, 104 Mich. 11; *Quinby v. Higgins*, 14 Me. 309. This is the general rule, except where the context requires a different interpretation. The construction adopted is in harmony with analogous rulings of this court. *Douglas v. Cameron*, 47 Neb. 358; *Clary v. Watkins*, 64 Neb. 386. The judgment of the district court conforms to the view expressed.

AFFIRMED.