## Avery et al. *v.* Vail et al.

[No. 9,207.  Filed April 23, 1915.  Rehearing denied June 22, 1915. Transfer denied November 17, 1915.]

1.  STATUTES.—*Construction.—Parts of Act.*—Sections 2990-2994 Burns 1914, §§2467-2471 R. S. 1881, of the statute of descent, are all parts of the act of 1852 (1 R. S. 1852 p. 248), and the language employed should be reasonably construed and meaning be given to all portions of the act where that can be done by fair and reasonable interpretation of the whole act.  p. 103.
2.  DESCENT AND DISTRIBUTION.—*Right of Inheritance.—Statutes.*— Persons claiming to inherit property must base their right on some statutory provision, and it is the purpose of the statute of descent (§2990 et seq. Burns 1914, §2467 et seq. R. S. 1881) to provide for the disposition of the property of persons dying intestate, under all conditions and circumstances that may arise.  p. 104.
3.  DESCENT AND DISTRIBUTION.—*Cousins.—Representation.*—Under the provisions of §2994 Burns 1914, §2471 R. S. 1881, of the statute of descent, construed in connection with §§2990-2993 Burns 1914, §§2467-2470 R. S. 1881, the rule of inheriting by representation does not apply in favor of the descendants of a deceased member of a class of collateral kindred entitled to take thereunder, so that where an intestate's nearest relatives in the order of inheritance are first cousins, they take to the exclusion of descendants of other first cousins.  p. 104.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by Rebecca Vail and others against Elwood Avery and others.  From the judgment rendered, Elwood Avery and others appeal.  *Reversed.*

*J. Frank Hanly* and *William P. Evans,* for appellants.

*James V. Kent* and *Thomas M. Ryan*, for appellees.

FELT, J.—This suit was brought for partition and to quiet title to real estate. The undisputed facts show that Robert Andrew died intestate, the owner of the real estate in controversy, and left as his only surviving relatives, certain first, second and third cousins. The amended petition for partition was filed by certain second and third cousins against appellants and a large number of persons, some of whom were alleged to have no interest in the real estate, but it was further alleged that the plaintiffs and a large number of the defendants were the owners in fee simple as tenants in common of the real estate which is the subject of the litigation. The complaint contains the necessary averments to authorize a judgment quieting the title against certain defendants and alleged that the real estate was not susceptible of division without damage to the several owners, who were alleged to own undivided portions thereof in various proportions, from an one-seventeenth to an one two-hundred-thirty-eighth interest therein. The appellants answered this complaint by general denial. On the issues so formed, the cause was submitted to the court, which found for the plaintiffs and rendered judgment quieting title against certain defendants and made a general finding that the plaintiffs and other defendants, including appellant, Elwood Avery, are the owners in fee simple, as tenants in common, of all the real estate described in the complaint, and that the same can not be divided among the several owners without damage, and ordered that the same be sold and appointed a commissioner to make the sale.

The court did not find and adjudge the interests of the several tenants in common of the land, but

gave direction to the commissioner regarding the sale and the payment of costs and expenses, and then decreed as follows: "The balance remaining in his hands he shall pay to the clerk of this court for distribution among the several owners of said real estate, according to their several interests as the same may hereafter be found and adjudged by the court. It is hereby further ordered by the court that this decree and order shall in no way affect the right, title and interest of any of the parties hereto except those against whom title is quieted, as to their interests in the real estate above described, nor as to the funds arising from the sale thereof by said commissioner, but the rights of each and all of said parties hereto except those against whom title is quieted are hereby transferred to the fund arising from said sale and the interests of said several parties in said fund upon the sale of said real estate shall be hereafter determined by the court."

The land was sold and the funds were paid to the clerk in pursuance of the foregoing decree. The order of sale was made December 19, 1912, and in January, 1914, appellant Elwood Avery, filed his petition asking that the funds be distributed and that all the net proceeds from the sale of the land be paid to the living first cousins of the decedent, as his sole and only surviving heirs under the statute of descents. A like petition was filed by appellant, Daisy Avery, alleging that she was an assignee of Elwood Avery, and had an interest in the funds to be distributed. The appellees filed a cross-complaint in which it was alleged in substance that second cousins whose parents were dead, and third cousins whose parents and grandparents were dead were entitled to inherit by representation. The appellants answered the cross-complaint by general denial and the issues so formed were then tried. The par-

ties duly requested the court to make a special finding of facts and state its conclusions of law thereon, which was accordingly done. The court stated its conclusions of law by which the second and third cousins were adjudged to have an interest in the funds proportionate to their interests in the land which were ascertained by making first cousins the basis of the distribution and allowing second cousins to take by representation the interest of their deceased parents, the cousins of Robert Andrew, deceased, and where a second cousin had died leaving children, the children were given the share that would have gone, under the foregoing rule, to their parent, if living.

Appellants filed a motion for a new trial, as of right; and also for cause, both of which were overruled. From the judgment rendered on the foregoing conclusions of law, appellants have appealed and separately assigned errors in the conclusions of law stated on each finding of facts; in overruling the separate motions of appellants for a new trial as of right; and in overruling the motion for a new trial for cause.

The questions presented by the briefs relate to appellants' right to a new trial as of right, and to the conclusions of law. The findings show the source of the title, that all the parties claim to inherit from Robert Andrew, deceased, and show that he left surviving him ten living first cousins, including appellant Elwood Avery, and numerous second cousins, the children of deceased cousins and several third cousins, the children of a deceased second cousin. No question is made about the correctness of the findings and it is conceded by appellants that if on the facts found second and third cousins are entitled to share at all in the estate, the judgment is right, but it is earnestly insisted that the living first

cousins of Robert Andrew, deceased, are "the next of kin, in equal degree of consanguinity" and therefore entitled to the estate to the exclusion of the second and third cousins, who are of a more remote degree of consanguinity.

Both appellants and appellees claim to inherit by virtue of the provisions of §2994 Burns 1914, §2471 R. S. 1881, but appellees assert that the section must be construed in connection with §2991 Burns 1914, §2468 R. S. 1881, and that when so interpreted the principle of representation applies to collateral kindred the same as to direct descendants. That part of §2994 Burns 1914, *supra*, material, is as follows: "If there be no person entitled to take the inheritance according to the preceding rules, it shall descend in the following order: *First.* If the inheritance came to the intestate by gift, devise, or descent from the paternal line, it shall go to the paternal grandfather and grandmother, as joint tenants, and to the survivor of them; if neither of them be living, it shall go to the uncles and aunts in the paternal line, and their descendants, if any of them be dead; and if no such relatives be living, it shall go to the next of kin, in equal degree of consanguinity, among the paternal kindred; and if there be none of the paternal kindred entitled to take the inheritance as above prescribed, it shall go to the maternal kindred in the same order." Section 2990 Burns 1914, §2467 R. S. 1881, provides for the inheritance by children. Section 2991 Burns 1914, §2468 R. S. 1881, provides that grandchildren of the ancestor "shall inherit the share which would have descended to the father or mother, and grandchildren and more remote descendants and all other relatives of the intestate, whether lineal or collateral, shall inherit by the same rule: *Provided,* That if the intestate shall have

left, at his death, grandchildren only, alive, they shall inherit equally." Section 2992 Burns 1914, §2469 R. S. 1881, provides for inheritance by surviving parents and brothers and sisters, and their descendants. Section 2993 Burns 1914, §2470 R. S. 1881, provides for inheritance by brothers and sisters and their descendants where neither parent is living, and for the inheritance by surviving parents when there are no surviving brothers and sisters or their descendants. The preceding parts of the act having made provision for children, parents, brothers and sisters, and the descendants of children and brothers and sisters, §2994, *supra*, undertakes to make provision where there are no persons entitled to inherit under the rules of such preceding sections. These sections are all parts of the act of 1852 (1 R. S. 1852 p. 248), and the language employed should be reasonably construed and meaning be given to all portions of the act where that can be done by fair and reasonable interpretation of the whole act. *Jackson* v. *Hocke* (1908), 171 Ind. 371, 376, 84 N. E. 830, and cases cited; *Greenbush Cemetery Assn.* v. *Van Natta* (1912), 49 Ind. App. 192, 198, 94 N. E. 899. The purpose of the act is to provide for the disposition of the property of

2. persons dying intestate, under any and all conditions and circumstances that may arise, and persons claiming to inherit property in Indiana, must base their right on some statutory provision. *Cloud* v. *Bruce* (1878), 61 Ind. 171, 175; *Bruce* v. *Bissell* (1889), 119 Ind. 525, 528, 22 N. E. 4, 12 Am. St. 436.

By the provisions of the first, second, third and fourth sections of the act of 1852, *supra*, and by the decisions of our Supreme Court, the prin-

3. ciple of representation is applied to descendants in the direct line from parents and to the

descendants of brothers and sisters under the conditions named in the statute. *Cox* v. *Cox* (1873), 44 Ind. 368, 379; *Cloud* v. *Bruce, supra,* 181; *Brown* v. *Taylor* (1878), 62 Ind. 295, 297; *Blake* v. *Blake* (1882), 85 Ind. 65, 67. From a consideration of the several sections, *supra,* and especially of the reference to collateral kindred, in §2991 *supra,* we are led to believe that the collateral kindred there referred to are such as are mentioned in §§2, 3 and 4 of the act of 1852, *supra,* being §§2991, 2992, 2993, *supra. Blake* v. *Blake, supra.* By this interpretation we may give a reasonable meaning to the word as used in that section, and ascribe a clear and definite meaning to the introduction to, and the language of §2994, *supra,* which very clearly shows that it was intended to provide not only for the disposition of real estate inherited from either the paternal or maternal line, under certain conditions, but also, to provide for the inheritance of such estates by collateral kindred, more remote than those referred to in the preceding sections, and that upon the failure of uncles and aunts and their descendants, the estate shall go "to the next of kin, in equal degree of consanguinity."

This we believe to be the plain meaning of the statute and we are confirmed in the view by the language quoted with approval in *Cloud* v. *Bruce, supra,* 180, where these sections were discussed as follows: "While the principle of representation is one that has always been favored by the civil law, and is in accordance with the genius of our statute, it is not one to be applied in every conceivable case, and it is only to be used where the terms of the succeeding sections of the statute make it applicable. * * * 'The fourth section affords another instance where the application of the rule is expressly provided for. The latter part of the fifth section does

not in my opinion afford any room for the application of the principle. In the absence of all persons entitled to take by the preceding sections, and of those who are named as entitled to take in the first clause of the fifth section, it is provided, that the estate "shall go to the next of kin in equal degree of consanguinity." I take this to mean the next of kin who are living at the death of the intestate. To say that it means a class of persons, whose ancestors, if living, would inherit it, it seems to me, would be making a new canon of descent. This we can not do by judicial construction.'" The same case on page 182 quotes with approval from the case of *Clayton* v. *Drake* (1867), 17 Ohio St. 367, as follows: "We know of no case in which it has ever been held under any of these statutes, that 'next of kin' can be construed so as to include representatives of next of kin." Our Supreme Court also said: "The next of kin are living persons, and take per *capita*. The deceased next of kin could not take; and the statute did not authorize their descendants, they not being in the same degree of consanguinity, to take in their stead."

While it is true the facts in the foregoing case were not identical with those of the case at bar, yet the court considered the identical section here under consideration with a view of ascertaining the meaning of the several sections and gave special consideration to the question of representation as embraced in the several sections and concluded that it did not apply to that part of §5 of the act of 1852, *supra*, §2994, *supra*, which casts the estate upon "the next of kin, in equal degree of consanguinity," upon the failure of a class, viz., uncles and aunts—and the descendants of such as are dead—which means descendants of deceased uncles and aunts where some of the class are still living, but has no application where the

whole class fails, as in the case at bar, for in such event, the estate is taken by the "next of kin in equal degree of consanguinity." In this instance the next of kin in equal degree of consanguinity are the first cousins, who take the entire estate to the exclusion of second and third cousins.

The policy of excluding the rule of inheritance by representation, or *per stirpes*, when the estate is taken by collateral kindred, is generally approved in other jurisdictions, and most of the states have statutes on the subject, some of which do not extend the rule as far as it is applied in Indiana. The decided weight of authority denies, or very greatly limits, the application of the principle where the estate is taken by collateral kindred, and the policy prevails generally of stopping the line of inheritance at the first, or some other designated class, of collateral kindred, who survive the ancestor and are capable of inheriting the estate. *Cox v. Cox, supra; Douglas v. Cameron* (1896), 47 Neb. 358, 66 N. W. 430; *Clary v. Watkins* (1902), 64 Neb. 386, 89 N. W. 1042; *Adee v. Campbell* (1878), 14 Hun 551; *Adee v. Campbell* (1879), 79 N. Y. 52; *In re Davenport* (1902), 172 N. Y. 454, 65 N. E. 275; *In re Oatley's Estate* (1914), 83 Misc. 655, 146 N. Y. Supp. 796; *Davis v. Vanderveer* (1872), 23 N. J. Eq. 558; *Schenck v. Vail* (1873), 24 N. J. Eq. 538, 542; *Van Cleve v. Van Fossen* (1889), 73 Mich. 342, 41 N. W. 258, 259; *Brenneman's Appeal* (1861), 40 Pa. St. 115; 27 Am. and Eng. Ency. Law (2d ed.) 322, 325 and cases cited in notes; 14 Cyc 52, 53 and cases cited.

Our conclusion on the question of inheritance makes it unnecessary to discuss the other questions presented and disposes of the whole case. The judgment is therefore reversed with instructions to the trial court to restate its conclusions of law on the

finding of facts in accordance with this opinion, and to render judgment accordingly.

NOTE.—Reported in 108 N. E. 599. Rules of construction of statutes, see 12 Am. St. 826. On right of persons claiming through deceased relative to participate with those standing in equal degree of relationship with such relative in provision for "next of kin," etc., see 28 L. R. A. (N. S.) 479. Construction together of contemporaneous statutes *in pari materia*, see 18 Ann. Cas. 424; Ann. Cas. 1915 A 186. See, also, under (1) 36 Cyc 1128; (2) 14 Cyc 16; (3) 14 Cyc 51.