BRUNDAGE ET AL. *v.* HOFFMAN ET AL.

[No. 18,790. Filed May 26, 1958.]

*John G. McNutt,* of Indianapolis, *Amos W. Jackson,* and *Jackson & Jackson,* of Versailles, for appellants.

*Cooper, Cooper, Cooper & Cox, Paul Schnaitter,* and *Schnaitter & Ford,* all of Madison, for appellees.

PFAFF, J.—This was a proceeding had during the administration of the estate of Harry Hoffman, deceased, to determine the heirs of said decedent. The said decedent died intestate on the 8th day of October, 1951, a resident of Jefferson County, Indiana, and prior to the effective date of the present probate code.

The facts were all stipulated. It is shown that decedent died unmarried and without issue and left surviving him no wife, child, descendant of a deceased child, father, mother, brother, sister, grandparent, uncle or aunt.

The appellants are the only children of John E. Brundage, deceased, who was a first cousin on the maternal side of said Harry Hoffman, the decedent; that said John E. Brundage, the appellants' father, died before the death of the said decedent, Harry Hoffman. The appellees, other than the corporate administrator, are first cousins of decedent on the paternal side.

All of the estate and property of decedent, Harry Hoffman, came to him otherwise than by gift, devise or descent.

The trial court adjudged that appellees, first cousins, are the legal heirs of decedent to the exclusion of appellants.

The statutes applicable to this case are those in effect at the time of decedent's death. *Griffis* v. *First Nat. Bank* (1907), 168 Ind. 546, 549, 81 N. E. 490. The question involved here must, therefore, be determined from an application of the

third part of §6-2305, Burns' Statutes 1933, 1 R. S. 1852, ch. 27, §5, p. 248, which statute reads as follows:

"6-2305 (3329). *When no heirs under preceding rules.*—If there be no person entitled to take the inheritance according to the preceding rules, it shall descend in the following order:

First. If the inheritance came to the intestate by gift, devise or descent from the paternal line, it shall go to the paternal grandfather and grandmother, as joint tenants, and to the survivor of them; if neither of them be living, it shall go to the uncles and aunts in the paternal line, and their descendants, if any of them be dead; and if no such relatives be living, it shall go to the next of kin, in equal degree of consanguinity, among the paternal kindred; and if there be none of the paternal kindred entitled to take the inheritance as above prescribed, it shall go to the maternal kindred in the same order.

Second. If the inheritance came to the intestate by gift, devise or descent from the maternal line, it shall go to the maternal kindred in the same order; and if there be none of the maternal kindred entitled to take the inheritance, it shall go to the paternal kindred in the same order.

Third. If the estate came to the intestate otherwise than by gift, devise or descent, it shall be divided into two equal parts, one of which shall go to the paternal and the other to the maternal kindred, in the order above described; and on the failure of either line, the other shall take the whole."

Appellees succinctly state the question involved in this appeal to be "whether or not; under the law prior to the effective date of the Probate Code, paternal first cousins inherit a non-ancestral estate to the exclusion of the maternal second cousins, when the decedent left surviving him no relative nearer than cousin."

Both parties agree that during the more than one hundred years in which this statute was in effect no case reached either of the appellate tribunals of this

state in which the exact question involved here was decided.

The parties discuss particularly the case of *Avery* v. *Vail* (1915), 60 Ind. App. 99, 108 N. E. 599, as it might be applicable here. An examination of the transcript and briefs in that case reveals that the controversy there was between descendants of paternal aunts of decedent and not between descendants in the maternal and paternal lines. Decedent there left no maternal kin. What was decided in that case has no application to the facts of this case.

Appellees argue that the reasonable construction of the statute would be that if the descendants in either the paternal or maternal line are more remote than those in the other line, this constitutes the "failure of either line" referred to in the statute. This is not what we consider a "failure of either line." Rather, a failure of a line refers to the situation where a line of descent becomes extinct. Thus, in the case of *Rountree, Administratrix* v. *Pursell et al.* (1894), 11 Ind. App. 522, 530, 39 N. E. 747, the decedent, Mary D. Gilkey, was an only child. The court stated:

> "Mary D. Gilkey died intestate, unmarried and without issue. The direct line of her father's blood became extinct with her."

In the case of *Avery* v. *Vail, supra,* there was a failure of the maternal line, the special findings revealing that intestate left "no maternal descendants in any degree." Appellants contend that the statute in force at the time of the decedent's death requires the decedent's estate to be divided into two equal parts, one of which should go to the appellants as the decedent's next of kin in equal degree of consanguinity among his maternal kindred, and the other to the appellees who are first cousins of decedent

on the paternal side as decedent's next of kin in equal degree of consanguinity among his paternal kindred. To this construction we agree.

We believe the following wording in *Snodgrass* v. *Bedell* (1938), 134 Ohio St. 311, 16 N. E. 2d 463, 465, is appropriate here, although that case involved the construction of an Ohio statute quite different in terminology than the statute involved here. The court said that the statute—

"shows a manifest intention that the estate should be equally divided in halves, and that the half portions are to be distributed or descend separately according to the provisions of law. In other words, after the estate is equally divided into halves, descent depends upon the particular circumstances existing in the particular branch of the family, and apportionment is made as if there were two estates instead of one. Such a construction follows of necessity from the very basis of the adoption of a half-and-half provision."

Inasmuch as the facts in this case are stipulated, the question is one of law only and a new trial would serve no useful purpose. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §2792, Comment 3, p. 381. West's Indiana Law Encyclopedia, *Appeals*, §669, p. 740.

Judgment reversed and cause remanded with direction to the trial court to restate its finding and judgment in accordance with the views expressed in this opinion.

Kelley, C. J., Royse, P. J., Bowen, Cooper and Crumpacker, JJ., concur.

NOTE.—Reported in 150 N. E. 2d 688.