In the Matter of the Accounting of WILLIAM B. DAVENPORT, Public Administrator of the County of Kings, as Administrator of the Estate of SARAH L. CULLEN, Deceased.

THOMAS H. TROY, as Special Guardian of Infant Next of Kin, Appellant; CHLOE CARROLL RHEM et al., Respondents.

SURROGATE'S COURT — DISTRIBUTION OF PERSONAL PROPERTY OF INTESTATE LEAVING NEPHEW AND NIECE AND UNCLES AND AUNTS AND DESCENDANTS OF DECEASED UNCLES AND AUNTS — CODE CIVIL PROCEDURE, § 2732, SUBDIVISION 12, AS AMENDED BY CHAPTER 319 OF LAWS OF 1898 — EFFECT OF, WHEN CONSTRUED WITH SUBDIVISIONS 5 AND 10 OF SUCH SECTION. Subdivision 12 of section 2732 of the Code of Civil Procedure, as amended by chapter 319 of the Laws of 1898, providing that in the distribution of personal property of decedents, "Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate," must be construed with subdivision 5 of such section, providing that "If there be no widow, and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives," and with subdivision 10 of such section, which provides that " When the descendants, or next of kin of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal:" and where an intestate, leaving personal property only, is survived by a nephew and niece, the children of a deceased brother, two uncles, two aunts and many descendants of deceased uncles and aunts, the nephew and niece, the two uncles and the two aunts are all of the same degree of kinship, to wit, the third, and it is unnecessary to invoke the rule of representation, and the estate should be distributed equally among them.

*Matter of Davenport,* 67 App. Div. 191, affirmed.

(Submitted October 6, 1902; decided November 18, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 23, 1901, which modified and affirmed as modified a decree of the Kings County Surrogate's Court settling the accounts of William B. Davenport, as administrator of the estate of Sarah L. Cullen, deceased.

The facts, so far as material, are stated in the opinion.

*Thomas H. Troy*, special guardian, appellant in person. By the Civil Code, prior to 1898, in this case uncles, aunts, nephews and nieces would have divided the estate. (*Durant* v. *Prestwood*, 1 Atk. 454; *Hurtin* v. *Proal*, 3 Bradf. 414.) The amendment of 1898 worked no change in the scheme of distribution to those who took in their own right. (Code Civ. Pro. § 2732.) Representation in successions is a rule of law by which the descendants of a predeceased heir or distributee take their ancestor's lapsed share in an estate collectively among them. (*Dexter* v. *Dexter*, 4 Mason C. C. 302; *Daboll* v. *Field*, 9 R. I. 266; *Adams* v. *Smith*, 20 Abb. [N. C.] 61; *Kelly* v. *Kelly*, 5 Lans. 443; *Pond* v. *Bergh*, 10 Paige Ch. 140; *Hyatt* v. *Pugsley*, 23 Barb. 301.) The rule of representation gathered from the combined statutes of distribution and descent entitles the cousins to their dead ancestor's share. (Dwarris on Stat. 695; Code Civ. Pro. § 2732.)

*William T. Carlisle* for respondents. The amendment to the Code of Civil Procedure admits representation among collaterals in the same manner as allowed by law in reference to real estate. (Code Civ. Pro. § 2732, subd. 12.) The common ancestor of the intestate and of her deceased brother's children is the intestate's father; but the common ancester of the decedent and of her uncles and aunts is the grandfather of the decedent. Consequently the respondents herein inherit this estate between them. They collectively inherit the share which their parent, the brother of the deceased, would have received if living. (L. 1896, ch. 547, § 287.) Uncles and aunts and nephews and nieces are in equal degree, but the nephew and niece only are heirs at law in the case at bar; therefore, the whole surplus in the hands of the administrator herein should be distributed to these respondents in equal shares. (Code Civ. Pro. § 2732, subd. 12.)

BARTLETT, J. This appeal involves the construction of the statute regulating the distribution of personal property. (§ 2732, Code of Civil Procedure, as amended by chapter

319, Laws of 1898.)   This amendment took effect September 1st, 1898.

The intestate died on the 15th day of September, 1898, possessed of personal property only.   She left no husband, ancestor, descendant, brother or sister, but was survived by a nephew and niece, Charles Christopher Carroll and Chloe Carroll Rehm, children of a deceased brother, two uncles, two aunts, forty-five first cousins, thirty-three second cousins and one third cousin, making in all eighty-one next of kin, the first, second and third cousins being descendants and representatives of deceased uncles and aunts.

This appeal is taken by the special guardian of three second cousins and one third cousin, being infants over the age of fourteen years.

The decree of the Surrogate's Court divided this estate into eighty-one shares and distributed the same to all of said collaterals.   The nephew and niece appealed from this decree, insisting that they were entitled to one-half each of the net amount of the personal property to be distributed.

The Appellate Division modified the decree of the surrogate, holding that the nephew and niece and the two uncles and two aunts were next of kin in equal degree, being the third degree, and that the estate should be divided into six equal parts and so distributed.   The other collaterals named were excluded.

The special guardian and appellant now claims that the order of the Appellate Division should be reversed and the decree of the surrogate affirmed, while the only respondents on this appeal, the nephew and niece, insist that they alone are entitled to the personal estate of the intestate.   The nephew and niece have not appealed from the order of the Appellate Division.

Prior to the amendment of 1898 subdivision 12 of this section read as follows: " No representation shall be admitted among collaterals, after brothers' and sisters' children."

By chapter 319 of the Laws of 1898 this subdivision was amended so as to read as follows : " Representation shall be

admitted among collaterals in the same manner as allowed by law in reference to real estate."

The theory upon which the decree of the Surrogate's Court rests is, that the nephew and niece, uncles and aunts are all next of kin in equal degree, and that the descendants of deceased uncles and aunts, of whom there are a large number, take by representation.

It is not reasonable to assume that the legislature in amending a statute, coming down, in substance, from Justinian, providing that "no representation shall be admitted among collaterals after brothers' and sisters' children," would open wide the gates to all collaterals, thus dividing up estates, in many instances, into sums so small as to benefit no one.

In repealing this ancient statute the legislature provided a new rule, to the effect that "representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate."

The descent of real property is regulated by chapter 547 of the Laws of 1896, article IX, known as the Real Property Law (Vol. 1, p. 620).

Section 287 reads as follows : " If all the brothers and sisters of the intestate be living, the inheritance shall descend to them; if any of them be living and any be dead, to the brothers and sisters living, and the descendants, in whatever degree, of those dead ; so that each living brother or sister shall inherit such share as would have descended to him or her if all the brothers and sisters of the intestate who shall have died, leaving issue, had been living, and so that such descendants in whatever degree shall collectively inherit the share which their parent would have received if living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degrees."

Section 288 provides for the manner in which uncles and aunts of the intestate and their descendants shall take " if there be no heir entitled to take, *under the preceding sections.*"

It follows that if the Surrogate's Court was right in hold-

ing that the law of representation was to control among collaterals, the nephew and niece would be entitled under section 287 of the Real Property Law to the entire estate.

It is clear, from the reading of section 288, that uncles and aunts and their descendants inherit only when there are no brothers and sisters or their descendants.

It, therefore, becomes necessary to construe section 2732 of the Code in the light of all its provisions and of the new rule as to representation established by the amendment of subdivision 12 of this section in 1898.

Subdivision 5 reads : " If there be no widow, and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives."

Subdivision 10 reads : " Where the descendants, or next of kin of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their share shall be equal."

The important question in this case is, reading all the provisions of section 2732 together, when is the rule of representation to be invoked in the distribution of personal property ?

In subdivision 5, as quoted, we have the clear rule laid down that the next of kin, in equal degree to the deceased and their legal representatives, are to take, and subdivision 10 declares that where the next of kin entitled to share are in equal degree their shares shall be equal.

The surviving nephew and niece, the two uncles and the two aunts are all of the same degree of kinship, to wit, the third, and under these circumstances it is unnecessary to invoke the rule of representation.

To give any other construction to the present law of distribution would be, in the great majority of cases, to divide estates into shares so small as to benefit none of the next of kin.

We cannot conceive that it was the intention of the legislature to establish any such rule of distribution as indicated by the decree of the Surrogate's Court.

If the construction we have indicated is the true reading of this section, it follows that the order of the Appellate Division must be sustained.

The result of our construction would be that if in this case the nephew and niece had not survived, but the two uncles and two aunts were living at the time of testatrix's death, these four of equal degree would have taken the estate. If, however, the testatrix left no nephew, niece, uncle or aunt her surviving, but there were descendants of nephews and nieces, uncles and aunts, then the rule of representation would apply "in the same manner as allowed by law in reference to real estate."

As already pointed out, under the Real Property Law, brothers and sisters and their descendants inherit in the first instance, and if there be none then the aunts and uncles of the intestate and their descendants take.

The order of the Appellate Division should be affirmed, with costs to both parties payable out of the estate.

CULLEN, J. (dissenting). I cannot agree with Judge BART-LETT as to the effect of the amendment of 1898. Section 2732 of the Code provides how distribution shall be made in intestacy. This case falls within subdivision 5 : "If there be no widow, and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, *and their legal representatives.*" The uncles or aunts and the nephews or nieces of a deceased are equally near of kin to him (McClellan Surrogate's Practice, 642), all in the third degree. (*Hurtin* v. *Proal*, 3 Brad. Surrogates, 414; 2 Kent Com. 424.) Subdivision 11 of the section provides that when such descendants or next of kin are of unequal degree of kindred the surplus shall be divided between them according to their respective stocks, so that those who take by representation shall receive the share to which the parent whom they represent, if living, would have been entitled. If these provisions had stood alone, personal property would have been distributed by representation as

is the case with real estate. But subdivision 12 provided that "no representation shall be admitted among collaterals, after brothers' and sisters' children." It was questioned whether this inhibition prevented representation of those who are not brothers' and sisters' children, such as the descendants of uncles and aunts or of cousins. But this court held in *Adee* v. *Campbell* (79 N. Y. 52) that the limit of representation prescribed by the subdivision applied to all collaterals and that hence first cousins took to the exclusion of second cousins. By the amendment of 1898 the provisions of subdivision 12 were repealed, and in lieu thereof it was enacted : "Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate." This provision is general and applies to all collaterals. If, as was held in the case cited, subdivision 12, as it formerly stood, applied to representation among all collaterals, is it not clear that the repeal of that provision and the direct enactment that representation shall be admitted among collaterals to the same extent as in the descent of real estate authorize representation among all collaterals ? It is suggested that "it is not reasonable to assume that the legislature in amending a statute, coming down, in substance, from Justinian, providing that 'no representation shall be admitted among collaterals after brothers' and sisters' children,' would open wide the gates to all collaterals, thus dividing up estates in many instances into sums so small as to benefit no one." It seems to me that this is just what the legislature has done and that it could have used no more efficacious language for that purpose. The fact that in this case the property will be divided into small sums cannot affect the general rule. If the estate were large, even small fractions would represent substantial amounts. Moreover, representation among descendants of brothers and sisters is quite likely in many cases to cause minute subdivision of the estate. That in this case the descendants of the uncles and aunts are numerous, while there are no descendants of deceased nephews and nieces is merely the accident of the particular case.

I do not see that the law which obtains in the descent of real estate, that the descendants of brothers and sisters inherit to the exclusion of uncles and aunts, has any application to the question under discussion. It may be argued that by the enactment of the new provision in subdivision 12, the legislature intended to provide that the distribution of personalty should be made in accordance with the descent of realty. But this argument proves too much, for if it is sound it would prevent the uncles and aunts from sharing in the estate. There can be no consistent or logical construction of the statute as it now stands which will admit uncles and aunts and exclude their descendants. There is this further suggestion to be made. If we affirm the doctrine of the Appellate Division, what is the law when an intestate leaves uncles and aunts and descendants of deceased uncles and aunts but no brothers or sisters or descendants of brothers and sisters? Will representation then be allowed in the shares of deceased uncles and aunts? If it is denied, it will be in express contradiction of the direction of the statute, that representation shall be allowed among collaterals in the same manner as admitted in reference to real estate. But on what principle can it be admitted consistently with the decision below? The contention that since the change in the statute, distribution is to be made in conformity with the descent of real estate, is not seriously pressed. If it were, a perfect answer to it is that subdivision 5 of section 2732 remains in full force, and directs that the distribution shall be, not in accordance with the descent of real estate, but " to the next of kin in equal degree to the deceased and their legal representatives."

I think the judgment must be reversed and the representatives of deceased uncles and aunts allowed to share. This seems to me the only logical construction of the statute.

PARKER, Ch. J., O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur with BARTLETT, J.; CULLEN, J., reads dissenting opinion.

Order affirmed.