### In re McGOVERN.

(Surrogate's Court, Westchester County. March 14, 1903.)

DESCENT AND DISTRIBUTION—COLLATERAL HEIRS—STATUTES.

> Code Civ. Proc. § 2732, subd. 5, provides that, if intestate leaves no widow and no children nor representative of a child, the whole surplus shall be distributed to the next of kin in equal degree to the deceased and their legal representatives. Subdivision 11 provides that those who take by representation shall receive the share to which the parent whom they represent if living would be entitled, and subdivision 12, as amended by Laws 1898, p. 941, c. 319, declares that representation shall be admitted among collaterals in the same manner as allowed by law with reference to real estate. *Held* that, where intestate left no widow but nieces and nephews and a grandniece and grandnephew as his next of kin, the grandniece and grandnephew were entitled to receive the share of his personal estate to which their parent would have been entitled if living.

> [Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Descent and Distribution, §§ 118–120.]

Judicial settlement of the accounts of Owen D. McGovern, as administrator, etc., of the estate of Patrick McGovern, deceased. To a surrogate's decree allowing one-fifth of the surplus of the estate to a certain grandnephew and grandniece objections were filed. Overruled.

James E. Kelly and C. D. Jones, for contestant.
Hamilton & Beckett, for respondent.

SILKMAN, S. The testator, Patrick McGovern, died in March, 1902, never having married, and leaving no ancestor, descendant, brother, or sister, but survived by a nephew, three nieces and a grandnephew and grandniece. The administrator, Owen D. McGovern, has filed his account, and exception thereto is made. The three nieces claim that the entire estate should be awarded to the nephew and themselves in equal shares, and that the grandnephew and grandniece should be debarred from any share therein. The general guardian of Robert J. McGovern, the grandnephew, has appeared on this accounting, and asks that the account be approved and passed. Therein the moneys to be distributed have been divided into five equal shares, and one share (being the sum which would be allotted to their parent were he living) has been allotted in equal shares to the grandnephew and grandniece. Subdivision 5, § 2732, Code Civ. Proc., controls the order of distribution in this proceeding, as follows:

"(5) If there be no widow and no children, and no representative of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased and their legal representatives."

Subdivision 11 of the same section provides that "those who take by representation shall receive the share to which the parent whom they represent if living would have been entitled." Applying the rule thus laid down, the objection to this account should be overruled, and the grandnephew and grandniece should receive one-fifth of the surplus of this estate, to be divided equally between them.

Prior to September, 1898, these collateral descendants of intestate would not have been entitled to this share, because subdivision 12 of section 2732, supra, debarred representation among collaterals after brothers' and sisters' children. The Legislature (chapter 319, p. 941, Laws 1898) amended subdivision 12 so as to read as follows:

"(12) Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate."

Whenever the next of kin are as here, section 287, art. 9, Real Property Law, Laws 1896, p. 620, c. 547, applies, and its provisions are explicit. Collateral relatives take, those of equal degree of kinship with the intestate, share and share alike; those of unequal degree of kinship, by representation, the share to which the parent whom they represent, if living, would have been entitled. The purpose of the Legislature is manifest, and the result accomplished by this amendment to section 2732 of the Code of Civil Procedure is that representation among collaterals is the same in the distribution of personal property and in the inheritance of real property. Debarring representation among collaterals beyond brothers' and sisters' children is done away with.

Counsel for the three nieces, objecting to the account, cites Matter of Davenport, 172 N. Y. 459, 65 N. E. 275, N. Y. Law J., Dec. 11, 1902, and urges that under the rule there laid down this grandnephew and grandniece cannot share now. The facts in that case differ from the one at bar. There were cousins and second cousins, descendants of deceased uncles and aunts of the intestate, to the number of 80 or more. The Appellate Division had held, and the Court of Appeals affirmed them, that these remote collaterals were not entitled, by virtue of the amendment of 1898, to take by representation with nephews and nieces, uncles and aunts. At page 457 in that case (172 N. Y., and page 276 of 65 N. E.), the court says:

"It is not reasonable to assume that the Legislature in amending a statute, coming down, in substance, from Justinian, providing that 'no representation shall be admitted among collaterals after brothers' and sisters' children,' would open wide the gates to all collaterals, thus dividing up estates in many instances into sums so small as to benefit no one."

And again, on page 458 of 172 N. Y., and page 277 of 65 N. E.:

"We cannot conceive that it was the intention of the Legislature to establish any such rule of distribution as indicated by the decree of the Surrogate's Court."

—viz.: that second and third cousins, numbering 80 or more, should, under the amendment to subdivision 12, supra, be allowed to take infinitesimal shares.

Following this contention, it is entirely conceivable that in a case like this the Legislature meant by the amendment of 1898 to remove the only bar to allowing this grandnephew and grandniece to take,

pursuant to the other provisions of section 2732 of the Code. This belief is confirmed by reference to section 287 of the real property law, supra, which explicitly states that they inherit real estate of an intestate as representatives of their deceased parent. Moreover, by the same law, uncles and aunts and their descendants only inherit on failure of nephews and nieces, or of descendants thereof, all of whom are preferred before them in the event that any exist. Vide section 288 of real property law.

The entire purpose and scope of section 2732 being considered, and the effect thereon of the amendment of 1892, confirms the opinion that the objections to this account should be overruled, and the grandnephew and grandniece be allowed to share. If counsel's contention is correct, confusion results because of this amendment, when the purpose of it manifestly was to simplify and make consistent the provisions for distribution of property of an intestate.

The rights of the parties in the case at bar must be determined upon the facts as they exist here. A fair construction of section 2732 of the Code of Civil Procedure shows it consistent in all its subdivisions upon the point of the order of distribution in this case. The grandnephew and grandniece should receive the share allotted to each in the account, and the objections thereto should be overruled.