In re MARTIN'S ESTATE. (Supreme Court, Appellate Division, Second Department. June 10, 1904.) Proceeding for the judicial settlement of the estate of John Martin, deceased. From a surrogate's decree extending distribution, William J. Riley, individually and as administrator of the estate, appeals. Reversed. John R. Kuhn, for appellant. Melville J. France, for respondents.

PER CURIAM. Order of the Surrogate's Court of Kings county affirmed, with $10 costs and disbursements.

HOOKER, J. (dissenting). John Martin died, without a will, leaving no lineal descendants, no ancestors, no widow, and no brothers, sisters, uncles, or aunts. There survived him only one grandnephew and four first cousins, all of whom were removed in the fourth degree. 2 Kent's Comm. 426. This is an appeal from an order of the Surrogate of Kings county directing that a decree, entered theretofore, be vacated and set aside, and that the respondents Dennis Greeley, Michael Greeley, Mary Martin, James Martin, and Catherine Farrell, children of uncles and aunts of the decedent, are entitled to share as next of kin in the distribution of the estate of John Martin; deceased, with the appellant, William J. Riley, a grandson of a deceased sister of the intestate. The decree which has been vacated provided that the balance in the hands of the administrator, after the payment of debts, be paid to the grandnephew, William J. Riley, the appellant. The decree appealed from declares that the five respondents, sons and daughters of a deceased uncle and a deceased aunt of the intestate, or first cousins, are next of kin with Riley, and are entitled to share in the distribution. None of the facts are in dispute, and we are called upon to decide no question except whether, under the provisions of section 2732 of the Code of Civil Procedure, sons and daughters of a deceased uncle and a deceased aunt of the intestate are entitled to share in the distribution of his personal estate with a son of a deceased daughter of a deceased sister of the intestate. The Code section referred to provides for the manner in which the surplus of the personal property of an intestate shall be distributed; its several subdivisions purporting to treat of different contingencies. Subdivision 5 reads as follows: "If there be no widow, and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives; and if all the brothers and sisters of the intestate be living, the whole surplus shall be distributed to them; if any of them

be living and any be dead, to the brothers and sisters living, and the descendants in whatever degree of those dead; so that to each living brother or sister shall be distributed such share as would have been distributed to him or her if all the brothers and sisters of the intestate who shall have died leaving issue had been living, and so that there shall be distributed to such descendants in whatever degree, collectively, the share which their parent would have received if living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degrees." Subdivision 10 reads as follows: "Where the descendants, or next of kin of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal." Subdivision 12, as amended by chapter 319, p. 941, of the Laws of 1898, reads as follows: "Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate." The respondents rely upon the language of subdivisions 5 and 10, and assert that in the absence of nearer kin, therefore, they and the appellant, all being in the fourth degree to James Martin, deceased, should share equally in his estate. The appellant asserts that subdivision 12 should control, however. If he is correct, he is entitled to the whole estate; for the allowance by law in reference to representation among collaterals as to real property is contained in sections 287 and 288 of the real property law (chapter 547, p. 620, Laws 1896). It is there provided that uncles and aunts and their descendants inherit only when there are no brothers or sisters or their descendants. The respondents claim that, where all the surviving next of kin are of the same degree of relationship to the deceased, subdivisions 5 and 10 are competent to decide the manner of distribution, and the provisions of the twelfth subdivision may not be invoked; or, in other words, there arises no such ambiguity as requires recourse to the rule of representation.

The Court of Appeals has had recent occasion to consider this section of the Code, and to render a judicial utterance upon the question: When, in reading all of the provisions of section 2732 of the Code together, is the rule of representation to be invoked in the distribution of personal property? Matter of Davenport, 172 N. Y. 454, 65 N. E. 275. In that case the intestate died possessed of personal property only, leaving no husband, ancestor, descendant, brother, or sister, but was survived by a nephew and a niece, children of a deceased brother, 2 uncles, 2 aunts, and many first, second, and third cousins, representatives and descendants of deceased uncles and aunts, making in all 81 next of kin. The decree of the Surrogate had divided the estate into 81 shares. This court on appeal had modified the decree of the Surrogate, so as to exclude all collaterals except the nephew, niece, 2 uncles, and 2 aunts, they all being of the third degree; and from the determination of this court, the special guardian of certain infant second and third cousins alone appealed to the court of last resort. From a reading of the opinion of that court it is not altogether clear that the court would not have modified the decree to effect the exclusion of all next of kin save the nephew and the niece, had they also appealed. I am of opinion that the language of Judge Bartlett in the Davenport Case possesses a controlling application to the facts of the case now under review. After saying that "the surviving nephew and niece, the two uncles, and the two aunts are all of the same degree of kinship, to wit, the third, and under these circumstances it is unnecessary to invoke the rule of representation" (page 458, 172 N. Y., and page 276, 65 N. E.), the opinion, in summarizing the views of the court, states: "The result of our construction would be that if in this case the nephew and niece had not survived, but the two uncles and two aunts were living at the time of testatrix's death, these four of equal degree would have taken the estate. If, however, the testatrix left no nephew, niece, uncle, or aunt her surviving, but there were descendants of nephews and nieces, uncles and aunts, then the rule of representation would apply 'in the same manner as allowed by law in reference to real estate.' As already pointed out, under the real property law, brothers and sisters and their descendants inherit in the first instance, and if there be none then the aunts and uncles of the intestate and their descendants take." Page 459, 172 N. Y., and page 277, 65 N. E. Thus the Court of Appeals has answered the query, propounded in its opinion, as to whether the rule of representation, mentioned in subdivision 12 of section 2732, referring to sections 287 and 288 of the real property law, supra, is to be invoked in the matter of the distribution of an estate, where the next of kin are of the classes appearing from this record; and its language seems to leave no doubt that such rule of distribution will be held to control where no widow, ancestor, descendant, nephew, niece, uncle, or aunt survives, but where there be descendants of nephews or nieces and uncles or aunts. In the light of this language of the Court of Appeals, the only course open to us is to adopt the rule of representation by which the appellant is entitled to the whole estate, to the exclusion of the respondents. The order appealed from should therefore be reversed, with costs to both parties payable out of the fund.