tain an adjudication the other way, but should provide for a new hearing, upon which both parties may be heard.   Here, however, it is plain enough that the State Comptroller has no means of controverting the facts relied upon by the executor to establish the exemption of the property in question; and under these circumstances we think it would have been an idle ceremony for the surrogate to send the matter back to the official appraiser, particularly as under section 232 of the tax law (Laws 1896, p. 875, c. 908) he is expressly empowered to determine the cash value of an estate and the amount of tax to which the same is liable, without appointing an appraiser.   If he could have done it before the original order, there is no reason why he cannot do it now.

On the other hand, we do not think we ought to interfere with the surrogate's refusal to insert in the order a direction to the State Comptroller to refund the amount of the tax.   Such provisions are common in orders of this kind, and orders containing them frequently have been affirmed in this court and the Court of Appeals.   Matter of Silliman, 79 App. Div. 98, 80 N. Y. Supp. 336, affirmed 175 N. Y. 513, 67 N. E. 1090; Matter of Scrimgeour, 80 App. Div. 388, 80 N. Y. Supp. 636, affirmed 175 N. Y. 507, 67 N. E. 1089.   A direction to the State Comptroller to refund seems proper enough.   It affords no real ground of objection on the part of that officer, inasmuch as it gives express judicial sanction to his repayment of the tax.   It is not at all essential, however, to the preservation or enforcement of the rights of the party entitled to such repayment, because the statute itself commands the State Comptroller in cases of this kind to direct and allow the treasurer of the county or the comptroller of the city of New York to refund to the persons by whom the tax has been paid the amount of any moneys paid or deposited on account of such tax in excess of the amount of tax which ought to have been exacted.   Laws 1896, p. 871, c. 908, § 225, as amended by Laws 1897, p. 152, c. 284.

These views require an affirmance of the decree in all respects.

Decree of the Surrogate's Court of Suffolk county affirmed, without costs of this appeal.   All concur.

---

### In re HARDIN'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department.   October 11, 1904.)

1. DISTRIBUTION—PERSONALTY—STATUTE—RIGHTS OF WIDOW.
    Laws 1898, p. 941, c. 319, adopted in lieu of Code Civ. Proc. § 2732, subd. 12, and providing that representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate, does not affect subdivision 3 of section 2732, under the express provisions of which the widow is entitled to the whole of a decedent's personal estate when he leaves no descendant, parent, brother, sister, nephew, or niece.

Appeal from Surrogate's Court, Herkimer County.

In the matter of the estate of George A. Hardin, deceased.   From a decree dismissing the petition of Jane M. Cook as next of kin of deceased, petitioner appeals.   Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

C. D. Adams, for appellant.
Charles A. Miller, for respondent.

SPRING, J. The decedent died intestate April 16, 1901, leaving, him surviving, a widow, and no descendant, parent, brother, sister, nephew, or niece. See subdivision 3, § 2732, Code Civ. Proc. The petitioner, his aunt, filed a petition in the surrogate's court, and a citation was issued pursuant thereto, requiring the administratrix, to whom letters of administration had been issued in May, 1901, to show cause why a judicial settlement of her account should not be rendered. Upon the return of the citation, and at the instance of the administratrix, the proceeding was dismissed, on the ground that said petitioner was not entitled to share in the personal estate of said intestate.

If section 2732, subd. 3, is operative, the entire personal estate to be distributed belongs to the widow. That has been the statute of this state uninterruptedly since the Revised Statutes became operative, and it was embodied in the section mentioned, where the rules governing in the distribution of the estate of an intestate are grouped. Prior to 1898, subdivision 12 of that section read: "No representation shall be admitted among collaterals after brothers' and sisters' children." By the Laws of 1898 (chapter 319, p. 941) the following was substituted for the provision theretofore existing: "Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate." The purpose of this substitution apparently was to put on a like basis the representation among collateral next of kin and heirs at law, as there had been lack of uniformity in the statute of distribution and that applying in the descent of real estate. Subdivision 12 is to be construed in connection with subdivisions 5 and 10 of the same section, and the rule of representation under subdivision 12 is not effective where the degree of relationship of the next of kin is of equal degree. Matter of Davenport, 172 N. Y. 454–458, 65 N. E. 275. That subdivision certainly did not contemplate any change of the provisions which define the widow's share in the personal estate. Subdivision 3 is explicit in prescribing the extent of her interest where there is no descendant, "brother or sister, nephew or niece." Subdivision 12 does not purport to lessen or alter her share. That subdivision and those immediately preceding pertain to the distribution among next of kin who are collaterals, and who are related by consanguinity to the person from whom they take. The widow takes by virtue of her widowhood, and the extent of her interest, in whatever aspect the estate of her husband may be presented as to his next of kin, is prescribed by various clauses of section 2732. The Legislature did not intend to modify these provisions so long in vogue by changing the subdivisions relating exclusively to representation among collaterals. In order to obtain that result, we must read into the definite language of subdivision 3 a later subdivision, and one which in no way, by its express language, lessens the share of the widow. If so great a change had been designed, subdivision 3 would have been amended and remodeled. Again, the uniformity which was designed to be effected by the amendment to subdivision 12 only pertains to collaterals, and is only applied where the right to take existed. It did not create a next of kin, to the exclusion or diminution of what the

widow was entitled. Whatever changes are made by the amended subdivision are among collaterals, not affecting distribution as between a collateral and a distributee in the direct line, or who does not come within the definition of a collateral.

A statutory provision long operative, and the explicit language of which remains unchanged, will not be modified by an amendment of another law relating to a different subject-matter, unless the legislative intent to alter is unmistakable; and as to the interest of the widow, pursuant to these subdivisions, such intent can hardly be conceived.

The decree of the surrogate's court is affirmed, with costs. All concur.