## In re HOES.

### In re AHLER'S ESTATE.

(Supreme Court, Appellate Division, First Department. May 24, 1907.)

EXECUTORS AND ADMINISTRATORS—DISTRIBUTION—SURROGATE'S DECREE—COR-
RECTION BY SURROGATE.

Where, on the settlement of the public administrator's accounts, the usual citation was issued and served by publication on collateral relatives not residing in the state, but they never appeared, and a decree was entered erroneously making distribution to them, the surrogate had jurisdiction, on application, to modify and correct his decree, so that moneys remaining in the hands of the administrator should be paid to those properly entitled to them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 1305.]

Lambert, J., dissenting.

Appeal from Order of Surrogate, New York County.

Judicial proceedings on the settlement of the account of William M. Hoes, public administrator and administrator of Henry Ahlers, deceased. Appeal from an order of the surrogate denying a motion to modify his decree for distribution. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, CLARKE, and LAMBERT, JJ.

Frederick C. Gladden, for appellant.

INGRAHAM, J. Henry Ahlers died on the 1st of April, 1899, leaving no widow and no descendants. His next of kin were certain nephews and nieces, and there were also the descendants of uncles and aunts. Letters were issued to the public administrator, who filed his accounts, and by final decree settling the accounts five-elevenths of the estate was paid to the nephews and nieces and six-elevenths directed to be paid to the issue of the various uncles and aunts. On September 1, 1898, prior to the death of the decedent, an amendment to section 2732 of the Code of Civil Procedure (chapter 319, p. 941, of the Laws of 1898) went into effect. Under the provisions of that amendment the descendants of an intestate's uncles and aunts were not entitled to a distributive share of the estate; the whole estate belonging to the nephews and nieces. On the settlement of the public administrator's accounts the usual citation was issued and served by publication; these collateral relatives not residing in this state. Under this decree the public administrator has paid some of the collateral relations of the intestate, but certain other of these collateral relations have never appeared to claim the sums directed to be paid to them, and the public administrator still holds the sum of $880 as the distributive share under the decree of certain of these collateral relations, who have not applied for the moneys directed to be paid to them.

The right of these descendants of the uncles and aunts of an intestate to a distributive share of his estate under section 2732 of the Code of Civil Procedure was determined by the Court of Appeals in

104 N.Y.S.—34

Matter of Davenport (172 N. Y. 454, 65 N. E. 275) where it was expressly held that under the provisions of this section "brothers and sisters and their descendants inherit in the first instance, and if there be none then the aunts and uncles of the intestate and their descendants take." Under this decision, therefore, the petitioners who are the descendants of the brothers and sisters were entitled absolutely to all the personal estate of the intestate. This decree having thus been entered, based upon an erroneous construction of the effect of the amendment to section 2732 of the Code of Civil Procedure, I think that the surrogate had the power to amend his decree so far as to affect the shares of those of the collateral relations of the intestate who had not appeared and taken the benefit given to them by the decree. It is not a case in which the parties have appeared and the question as to their right to a distributive share of the estate determined in their favor. These collateral relatives had never appeared and never claimed any portion of this property or interest in it. There had been no determination by the surrogate of any question presented; but the surrogate had entered, on motion of the public administrator, a decree distributing the estate to parties who were not entitled to it and had no interest therein. Such a decree entered by default is, we think, subject to correction, and the surrogate had ample authority to correct the decree which had been entered by mistake, and which erroneously disposed of property of the intestate, certainly until those who were entitled to the property have appeared and claimed the benefit of the decree. There is no application to modify this decree so as to affect the right of those who have appeared and taken the benefits under it. I think, under the circumstances, the surrogate should have corrected the palpable mistake that was made, and modified the decree, so that the moneys still in the hands of the public administrator, which the decree directed to be paid to those who were not entitled to it, should be paid to those who clearly are entitled to it.

We think, therefore, the order appealed from should be reversed, the motion granted, and the modification asked for allowed, without costs of this appeal.

PATTERSON, P. J., and McLAUGHLIN and CLARKE, JJ., concur.

LAMBERT, J. (dissenting). I am unable to concur in the decision reached by the other members of this court. Henry Ahlers died on the 1st day of April, 1899, leaving him surviving no widow, children, adopted children, or the issue of such, and no parents. He is survived by the petitioners, his only nephews and nieces, and by certain collateral kin, the issue of various uncles and aunts, consisting of children, grandchildren, and great-grandchildren. William M. Hoes, public administrator and administrator of Henry Ahlers, deceased, has accounted to the surrogate, and a decree was entered on the 21st day of June, 1901, settling the accounts of the public administrator and directing the distribution of certain sums to the relatives of the deceased. The petitioners appeal from the order of the surrogate denying a motion to modify the decree.

The decree of the Surrogate's Court which the petitioners seek to have modified directed that five-elevenths of the estate be distributed to them, and that six-elevenths be paid to the collateral relatives. The petitioners are all residents of Germany and did not appear on the accounting, service having been made upon them pursuant to section 19 of chapter 230 of the Laws of 1898, by service upon the consul general of Germany on their behalf, and the amounts directed to be paid to them by the said decree were received by the German consul general, their duly authorized attorney in fact. It appears that certain of the remote relatives, the respondents herein, who were served by publication upon the accounting, as their respective places of residence were not known, have not appeared or claimed the sums directed to be paid them under the decree. The shares remaining unpaid aggregate about $880. The petitioners do not seek to compel the public administrator to repay any sums which may have been paid to any of the remote relatives; but it is their purpose to have the decree so modified as to permit of the distribution of the sum now on hand to the petitioners, on the ground that, under the decision of the Court of Appeals in Matter of Davenport, 172 N. Y. 459, 65 N. E. 275, these remote relatives were not entitled to any part of the estate of the decedent.

Section 2743 of the Code of Civil Procedure provides that, where the validity of a debt, claim, or distributive share is admitted to have been established upon the accounting or other proceeding in the Surrogate's Court or other court of competent jurisdiction, the decree must determine to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same, and that "with respect to the matters enumerated in this section the decree is conclusive as a judgment upon each party to the special proceeding who was duly cited or appeared, and upon every person deriving title from such party." If it be conceded, therefore, that the collateral relatives, under the decision in Matter of Davenport, supra, are not entitled to any share of the decedent's estate, it cannot be said that the court was without jurisdiction; for it is made the duty of the Surrogate's Court to determine to whom the fund is payable, and the decree is made conclusive, subject, of course, to the right of review. The court had jurisdiction of the subject-matter and of the persons of the petitioners, who were duly cited; the petitioners have accepted the determination of the court by receiving without question the amounts found to be due and directed to be paid by the decree; and if there was a mistake in fixing the amount, due to a misunderstanding of the law, this is not a jurisdictional defect, but an error to be corrected on appeal. Matter of Underhill, 117 N. Y. 471, 479, 22 N. E. 1120. The petitioners have accepted the portion decreed to them, have remained passive from the 21st day of June, 1901, to the 26th day of April, 1906, and by this special proceeding attempt to set aside a conclusive judgment in favor of the respondents.

It is urged that the Surrogate's Court has discretion, under the provisions of section 2481, subd. 6, of the Code of Civil Procedure, to modify, correct, or vacate its own decrees. We may assume this to

be the case, and yet we may not be authorized, upon a review of the decree, to direct that this discretion shall be exercised in a particular way. There can be no doubt that, upon an appeal from the Special Term, this court is called upon to review upon the merits all orders resting in discretion; but this rule is not applicable to appeals from another and distinct tribunal, such as the Surrogate's Court. There our appellate authority is confined to errors of law or to matters of substantial right, which are not dependent upon the discretion of such court. Where, as here, the surrogate is expressly clothed with discretion, the utmost that can be claimed is that we may review his action, so far as to ascertain whether "there has been an abuse of discretion and a violation of justice." Matter of Adler, 60 Hun, 481, 483, 15 N. Y. Supp. 227, citing Matter of Selleck, 111 N. Y. 289, 19 N. E. 66; Matter of Blum, 83 App. Div. 161, 162, 82 N. Y. Supp. 491. It certainly will not be contended that this appeal presents a question of law, or that it involves a matter of substantial right, not dependent upon the discretion of the court. The Surrogate's Court having exercised its discretion and denied the application, is there authority in this court to say that there has been such an abuse of that discretion as to warrant interference? The only right claimed is that the surrogate had the discretion—not that there was any absolute right; and, as pointed out, our authority does not extend to the correction of discretionary powers in the Surrogate's Court. The Court of Appeals, in Jacobs v. Morange, 47 N. Y. 57, 60, quotes Chancellor Kent with approval, as follows:

"A subsequent decision of a higher court in a different case, giving a different exposition of a point of law from the one declared and known when a settlement between parties takes place, cannot have a retroactive effect and overturn such settlement. Every man is to be charged at his peril with a knowledge of the law."

That is the situation here. The only possible ground for reversing the order now before this court is that a higher court in another case has declared the law differently from what it was supposed to be when the decree of the Surrogate's Court was made back in 1901. It is in effect giving a right of appeal years after all right of appeal has expired, and after the rights of the respondents had been judicially and conclusively determined. The petitioners are presumed to know the law. The decision of the Court of Appeals in Matter of Davenport, supra, did not change the law, nor declare that the law was void and of no effect, but merely declared what the law was—what it had been all the time, and as it would have been determined in the matter now before us, if it had been brought to the attention of the court in proper time and form. The petitioners having permitted the time for appeal to go by, and awaited an appeal on the part of others in a different case, it can hardly be said that there has been an abuse of discretion on the part of the Surrogate's Court in refusing to grant the relief asked for, if it be assumed that the court below had the discretionary power. The due enjoyment of property rights, and the repose of titles, which that enjoyment requires, renders it necessary that the adjudications of legal tribunals, upon which rights to a large extent

rest, should not be lightly disturbed or arbitrarily set aside and vacated, after long lapse of time, for errors which should have been discovered and remedied at the time of their perpetration. Matter of Accounting of Hawley, 100 N. Y. 206, 210, 3 N. E. 68. In the case cited, it was held that, under the provisions of section 2481 of the Code of Civil Procedure (following a previous case), there is no relief from an erroneous or irregular decree, except upon the ground of fraud, clerical mistake, newly discovered evidence, or other like cause.

With these principles in mind, it is difficult to justify a determination that the petitioners are entitled to a distribution of the funds in the hands of the public administrator, although in this particular case it is probably true that no one would be injured by the reversal. But it is a bad precedent to establish, contrary, I believe, to sound policy and to the law of this state, and I therefore dissent from the determination.