Jacob I. Bergen, for administratrix.
John C. Judge, for Josephine McDermott.
John J. Haggerty, for Joseph Moran and others.
Joseph A. Kennedy and Robert F. Manning, special guardians.

KETCHAM, S. Upon appeal from the decree of distribution, the Appellate Division has directed that its reversal of the decree be "with costs to the appellant." Costs, in the order to be entered upon the remittitur, can only be awarded according to the special directions made upon the appeal (Code Civ. Proc. § 2558, subd. 1); and the direction quoted contemplates only the costs of the appeal in the appellate court. Among the haphazards of the Code it appears that, upon reversal of a surrogate's decree, "with costs," and without specification of disbursements, the surrogate has no power to include disbursements in his taxation of costs. Matter of Steencken, 58 App. Div. 85, 68 N. Y. Supp. 444. Unless, therefore, the appellant shall receive further direction, the order proposed will include only the costs for making and serving the case and the costs before and after argument.

Decreed accordingly.

---

(60 Misc. Rep. 299.)

## In re NICHOLS' ESTATE.

(Surrogate's Court, Oneida County. July, 1908.)

1. DESCENT AND DISTRIBUTION (§ 38*)—RIGHTS OF COUSINS.

     Under Code Civ. Proc. § 2732, subd. 12, providing that no representation shall be admitted among collaterals after brothers and sisters descendants. cousins cannot share in the estate of a decedent by representation.

     [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 111, 115; Dec. Dig. § 38.*]

2. DESCENT AND DISTRIBUTION (§ 38*)—RIGHTS OF COUSINS.

     Under Code Civ. Proc. § 2732, subd. 12, where uncles and aunts of a decedent are of the third degree, and all the cousins are of the fourth degree, they are precluded from sharing in the estate of the decedent.

     [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 111–115; Dec. Dig. § 38.*]

In the Matter of the Settlement of the Estate of Chester W. Nichols, deceased. Decree of distribution entered.

Willis W. Byam, for administrator.
McMahon & Larkin, for George P. Smith and others.
John C. Evans, special guardian.
Lucius M. Manley, for Clarinda, Edward, and Jerome B. Nichols.

SEXTON, S. This is a proceeding for the judicial settlement of the administrator's account herein. The intestate died August 22, 1907, possessed of personal property only. He left no widow, ancestor, descendant, brother, or sister, but was survived by Edward Nichols, Jerome B. Nichols, and Clarinda Nichols, who were his uncles and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

aunt, and by a number of first and second cousins. The first and second cousins each claim a portion of the estate by representation. The question of their right to any portion in the estate was raised by written objections, filed on behalf of the uncles and aunt, who claim the entire estate by inheritance.

For the purpose of a decree of distribution it becomes necessary to construe subdivision 12 of section 2732 of the Code of Civil Procedure. At the time of the death of the deceased, said subdivision read:

"No representation shall be admitted among collaterals after brothers and sisters descendants."

Under this subdivision, the descendants of brothers and sisters to the remotest degree, by representation, share in the distribution of an estate. All collateral relatives, except descendants of brothers and sisters, are precluded from sharing in the decedent's estate by representation. Where they are all of the same degree of kinship, to wit, uncles and aunts and nephews and nieces, the rule of representation does not apply, still they take by reason of that degree. In the case at bar, the uncles and aunt are of the third degree of kinship, while all of the cousins are of the fourth degree. It therefore follows that the cousins are precluded by reason of their degree of kinship, and by reason of the prohibition found in said subdivision 12, from sharing in the distribution of this estate. Matter of Davenport, 172 N. Y. 454, 65 N. E. 275:

Subdivision 10 of section 2732 provides that:

"Where the descendants, or next of kin, of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal."

A decree may therefore be prepared and presented, providing for a distribution of this estate in equal parts to Edward Nichols, Jerome B. Nichols, and Clarinda Nichols.

Decreed accordingly.