deceased and their legal representatives, if there be no widow and no children and no representatives of a child; and that by subdivision 10 of the same section, where the descendants of next of kin of the deceased entitled to share in his estate are of equal degree to the deceased, their share shall be equal; and by subdivision 11 that, when such descendants or next of kin are of unequal degrees of kindred, the surplus shall be apportioned among those entitled thereto according to their respective stocks, so that those who take in their own right shall receive equal shares and those who take by representation shall receive the share to which the parent, whom they represent, if living, would have been entitled; and from this they argue that the second cousins are entitled to share in the estate. They admit, however, that they are unable to give any force to the provision of subdivision 12 as it now appears.

I cannot believe that they are correct in their contention, and, even if, as they say, the provisions are inconsistent with each other, I do not think that it is necessary for me to bother with this question at all. I am satisfied that the provisions of subdivisions 5, 10, and 11, referred to by the attorneys for the second cousins, as well as all the other subdivisions of section 2732 of the Code, must be read in connection with subdivision 12, as amended, and subject to its provisions, and I cannot see how the present language of the statute differs in any material respect, so far as this case is concerned, from the case of Adee v. Campbell, above referred to, and I therefore decide that the first cousins, Francis Schlosser, Louis Schlosser, and Bernhard Hoff, are entitled to all of the estate accounted for in this proceeding in equal shares.

Let decree be prepared accordingly.

---

(62 Misc. Rep. 456.)

## In re UNDERHILL.

(Surrogate's Court, Kings County. February, 1909.)

DESCENT AND DISTRIBUTION (§ 38*)—COUSINS AND DESCENDANTS OF DECEASED COUSINS.

Where deceased left no nearer kin than cousins and descendants of deceased cousins, the cousins took to the exclusion of the descendants, under Code § 2732, subd. 12, as amended in 1905 (Laws 1905, p. 1208, c. 539), providing that no representation shall be admitted among collaterals after brothers' and sisters' descendants.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 115; Dec. Dig. § 38.*]

In the matter of the judicial settlement of the account of Lucretia Underhill, executrix. Motion to share in distribution denied.

Joseph Pool, for petitioner.
Charles H. Kelby, for respondent administrator.

KETCHAM, S. The question upon this motion is whether, where the decedent has left no nearer kin than cousins and the descendants of deceased cousins, the descendants of deceased cousins are entitled

to share in the distribution of personal property. This question, upon authority, cannot be regarded as unsettled. Once Code, § 2732, sub. 12, read:

"No representation shall be admitted among collaterals after brothers' and sisters' children."

Its meaning was then found to be that the representation which was permissible among the children of brothers and sisters was not to be admitted among collaterals further removed than brothers and sisters.. Clements v. Babcock, 26 Misc. Rep. 90, 56 N. Y. Supp. 527; Adee v. Campbell, 79 N. Y. 52. In 1903 subdivision 5 of the section cited was so amended that representation in the line of brothers and sisters was extended beyond their children to their descendants of whatever degree. Laws 1903, p. 728, c. 367. In 1905, obviously to conform to subdivision 5 as thus amended, subdivision 12 was changed so as to read:

"No representation shall be admitted among collaterals after brothers' and sisters' descendants." Laws 1905, p. 1208, c. 539.

No new standard for a right of representation among collaterals beyond brothers and sisters, or their descendants, was introduced by this change. If the former statute contained a limit of representation among collaterals who were not brothers and sisters, or their children, the same limit would prevail among collaterals who were not brothers and sisters, or their descendants. If the word "descendants" has produced no change, then the cases under the former statute control the present discussion. But the statute as it now stands has been construed (Matter of Nichols, 60 Misc. Rep. 299, 113 N. Y. Supp. 277), and this court is not only constrained by the authority, but is persuaded by the reasoning, of the learned surrogate who wrote in the case cited. He says:

"For the purpose of a decree of distribution it becomes necessary to construe subdivision 12 of section 2732 of the Code of Civil Procedure. At the time of the death of the deceased such subdivision read: 'No representation shall be admitted among collaterals after brothers' and sisters' descendants.' Under this subdivision, the descendants of brothers and sisters to the remotest degree, by representation, share in the distribution of an estate. All collateral relatives, except descendants of brothers and sisters, are precluded from sharing in the decedent's estate by representation. Where they are all of the same degree of kinship, to wit, uncles and aunts, and nephews and nieces, the rule of representation does not apply, still they take by reason of that degree. In the case at bar the uncles and aunts are of the third degree of kinship, while all of the cousins are of the fourth degree. It therefore follows that the cousins are precluded by reason of their degree of kinship, and by reason of the prohibition found in said subdivision 12, from sharing in the distribution of this estate. Matter of Davenport, 172 N. Y. 454, 65 N. E. 275."

The argument which was there used to contrast the rights of uncles and cousins is equally applicable to the contrast between first cousins and second cousins. The motion should be denied.

Motion denied.