UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee of the Trust Created by the Fifth Paragraph of the Will of PETER B. TAYLOR, Deceased, Plaintiff, *v.* IRVING K. TAYLOR, JOHN M. PERRY et al., Defendants.

(Supreme Court, New York Special Term, August, 1919.)

Wills — construction of — trusts — statute of distribution — vested remainders — life tenants — executors and administrators.

Upon a bequest to trustees in trust to collect and pay over the income of a fund to a life tenant and after the death of the life tenant to pay over and distribute the fund the remainder will not vest until the time for payment arrives, and the class of beneficiaries is fixed as of the date of the death of the life tenant and not as of the death of the testator.

Testator directed his executors to divide his residuary estate into twenty-two equal portions, four of which he bequeathed to his sister absolutely if she were living at his death, and in case she was not said four portions were bequeathed to testator's next heirs by blood to be distributed among them according to the statute of distribution which at the death of testator in 1909 provided that "No representation shall be admitted among collaterals after brothers' and sisters' descendants." In the event that the sister was living at the time of testator's death four other portions of the residuary estate were given in trust for said sister with direction to the trustee to pay over to her the net annual income, quarterly, during her life and at her death to convey, pay over and distribute the whole capital of such four portions among the testator's next heirs by blood according to the statute of distribution. The testator left him surviving a brother, the descendants of a predeceased brother and sister, also the life tenant, who died leaving her surviving a son, and numerous other nephews and nieces as well as the descendants of a deceased nephew and niece of the testator.

*Held,* that the "next heirs" took as members of a class and that it was clear that testator intended to bequeath no vested remainder to his next of kin; that the nephews and nieces took in their own right and not by representation, and that the grand-nephews and grand-nieces were entitled to take the share which their immediate ancestors would have taken.

ACTION for the construction of a will.

Stewart & Shearer, for plaintiff.

Larkin & Perry, for defendant John M. Perry.

Taylor, Jackson, Brophy & Nash, for defendant Bella T. Pemberton.

Whitridge, Butler & Rice, for defendant Fannie T. Taylor.

John F. Coffin, for defendants Fannie T. Baldwin et al.

Maurice J. Moore, for defendants Irving K. Taylor et al.

John Francis Moore, for defendants Charles Buchanan, Roderick Buchanan and Adelaide B. Baldwin.

LEHMAN, J.  The testator, Peter B. Taylor, died in the city of New York on or about the 4th day of January, 1909, leaving a last will and testament which was duly admitted to probate. In his will he provided among other things: " *Fourth.* I direct my executors hereinafter named, to divide all the rest, residue and remainder of my estate, real and personal, of whatsoever kind or nature and wheresoever situated, of which I may die seized or possessed or be in any way entitled to, into twenty-two equal parts or portions, which parts or portions I give and bequeath and direct my executors to pay over and distribute as follows: * * * Four other of said twenty-two parts to my

sister, Jeannie McKewan, if she be living at the time of my death, for her own use and benefit forever, and if she be then dead, then to my next heirs by blood to be distributed between them by my executors according to the Statute of Distribution of the State of New York. *Fifth.* If my sister, Jeannie McKewan, shall be living at the time of my death then in that case I give and bequeath four other of said twenty-two parts to the United States Trust Company in the City of New York, upon the trusts and to and for the uses and purposes following, that is to say: in trust to collect and receive all the rents, profits, dividends, interest moneys and income arising therefrom and after paying all taxes, charges, costs and expenses thereon and incident thereto, to pay over the net annual income thereof in quarterly payments to my sister, Jeannie McKewan, for and during her life, and on her death to convey, pay over and distribute the whole capital of such four parts to and among my next heirs by blood according to the Statute of Distribution of the State of New York."

The testator's sister survived the testator and died on April 13, 1918. The trustee now asks for a construction of the 5th paragraph of the will and a direction as to the distribution of the trust fund provided for in that paragraph. Inasmuch as the fund must be regarded as personal property and the testator expressly provided that it be distributed according to the Statute of Distributions, it is quite evident that he has used the words " next heirs by blood " in the sense of next of kin and it is not disputed that they should be given this construction. The serious question involved in this case, however, is whether the distribution must be made among the next of kin living at the testator's death or among those persons who would have stood in the relation of next of kin to him

at the time of his death if he had survived the life tenant.

" The next heirs " under the will take as members of a class. There is no present gift in express terms to the members of that class but they take only under the provision of the will that after the death of the life tenant the trustees should " convey, pay over and distribute " this fund among them. Under well established canons of construction, ordinarily where there is a bequest to trustees in trust to collect and pay over the income of a fund to a life tenant and after the death of the life tenant to pay over and distribute the fund, the remainder will not vest in the beneficiaries until the time for payment arrives (*Wright* v. *Wright,* 225 N. Y. 329 and cases there cited), and the class of beneficiaries is fixed as of the date of the death of the life tenant and not as of the death of the testator.

The testator left him surviving a brother and sister and descendants of a pre-deceased brother and sister. At the time of the death of the life tenant, Jeannie McKewan, one son of the life tenant survived and numerous other nephews and nieces as well as the descendants of a deceased nephew and niece of the testator. If the remainder after the death of the life tenant vested in the testator's next of kin at the death of the testator, the descendants of each brother and sister take the share which their ancestor would have taken. If, on the other hand, the will is to be interpreted in accordance with the usual canons of construction and the gift over gave to the members of the beneficiary class living at the death of the testator no vested interest, then their ancestors will take not by representation from their ancestors but as present next of kin.

The contention is now urged by some of the nephews and nieces or their assignee that this rule of construc-

tion has no application to the present case because the word " heirs " means those persons who succeed to an estate upon the death of their ancestor or kin by descent or the right of relationship and the class must therefore of necessity be. fixed at the date of such death and at no other time. There is no doubt but that the primary meaning of the word " heirs " is in accordance with this contention, but where the will shows on its face that the testator used the word in an inexact sense and did not intend that any estate should vest in his " heirs " until a future time and that the class should be determined as of that time, the courts will carry out the intention of the testator and give to the word " heirs " a secondary meaning, to wit, the persons who would take by descent and relationship if the testator had survived until the date at which he intended that the remainder should vest. So in the case of *Delaney* v. *McCormack,* 88 N. Y. 174, where a testator had made a gift over to his next of kin after he had previously given to his son James " a base or determinable fee subject to be divested on his death without having had lawful issue," the court held that the words " next of kin " may be construed as of the time of the death of the son James and not as of the time of the death of the testator. It is true that in that case there could be no doubt but that the testator did not intend to devise or bequeath a vested remainder, but the reasoning of the court is at least to some extent applicable to the facts before me.

In the present case also, it seems to me quite clear that the testator intended to bequeath no vested remainder to his next of kin. The testator in other provisions of his will used language appropriate to create a present gift and apparently understood the difference between a present gift and a direction to distribute and pay over. It would seem fairly plain

that he did not intend that the life tenant should be regarded as one of his next of kin or heirs within the meaning of the paragraph of the will under consideration and should as such share in the remainder; yet this would be the result of a construction that the remainder vested at the death of the testator. Since under the authority of *Delaney* v. *McCormack, supra,* the court would be bound to give the words " next heirs " a secondary meaning, if this remainder is contingent, it seems to me that the court ought not to lay too much stress upon their primary meaning merely for the purpose of construing the bequest to them as a present vested interest. It follows that the nephews and nieces do not take by representation from their ancestor but in their own rights.

The sole remaining question is whether the children of the deceased nephew and niece share in the estate. In my opinion there is no serious doubt that they have this right. The Statute of Distributions in effect at the time of the death of the testator (then section 2732 of the Code of Civil Procedure) was amended by chapter 319 of the Laws of 1898, and so far as concerns the question before me is substantially unaltered since that time. Previous to the amendment of 1898 the statute provided that " no representation shall be admitted among collaterals after brothers' and sisters' children." The amended statute provided that representation shall be admitted among collaterals in the same manner as provided by law in reference to real estate. The revised statutes of 1813 placed the law of descents among lineal and collateral relatives upon the same footing and permitted representation of brothers and sisters even beyond their children. See *Pond* v. *Bergh,* 10 Paige, 140, 148. The effect of the amendment of 1898 has made the same rule applicable to personal property and the grand nephews and

nieces are therefore entitled to share in the estate, receiving the portion which their immediate ancestors would have taken. The nephews and nieces rely for their authority for the exclusion of the grand-nephews and nieces, upon the case of *Matter of Davenport,* 172 N. Y. 454. In that case, however, the court merely held that the law of descents in regard to real estate permitted no representation of the children of deceased uncles and aunts where descendants of deceased brothers and sisters survived and has no application to the question before me.

Ordered accordingly.